## REICHLIN, REIDY & SCANLON CO v BRIGHTMAN

Ohio Appeals, 9th Dist, Lorain Co

No 519.  Decided April 30, 1930

F. M. Stevens, Elyria and Cyril J. Maple, Elyria, and Frank E. Stevens, Cleveland, for Company.

Rowley & Carpenter, Norwalk, and Stetson & Butler, Elyria, for Brightman.

## PER CURIAM

Said company had its floor lamps, which were for sale, displayed along an aisle, or passageway, with lamp cords running from the lamps to convenient electric light sockets, so that the lamps could be lit in showing them to customers. Jennnie Brightman was taken by a clerk of the company to where the lamps were being displayed, for the purpose of selling her a lamp, and as they walked down this aisle, the clerk being just in advance of Jennie Brightman, said Jennie Brightman tripped upon a lamp cord in said aisle and fell upon her knees and was injured; and just as she was falling, said clerk, who had passed said cord, remarked, "Oh! I was just going to tell you to be careful of that cord." Jennie Brightman testified that the clerk's presence just in front of her obstructed her view and that she did not notice the cord.

The company claims that said remark of the clerk was not competent evidence; but we find that it was a part of the res gestae and competent.

Said company strenuously urges that insomuch as the evidence does not show how long said cord had been in said passageway, and insomuch as there was no evidence that the company knew it was there, there was no basis for claiming that the company was negligent in reference thereto.

It is conceded that where the substance or device that causes a defective condition in a store is not a substance or device directly connected with the store, there must be some evidence bringing knowledge home to the owner of the store of the presence of such defective condition before the owner can be charged with negligence; but that rule has no application to a case such as this, where the defective condition is caused by an instrumentality employed by the owner of the store in the conduct of the business of the store.

The electric cord in question was a part of the lamps being exhibited for sale and was in use for that purpose, and if it was so placed and arranged in or across the aisle as to render the aisle unsafe for use by customers, the inference is that the company was negligent in the manner in which it arranged its merchandise for sale; and the company offered no evidence to destroy or overcome that inference.

It is not a case of a dangerous condition being caused by the presence of something not connected with the operation of the business, where knowledge, actual or imputed, is a necessary predicate of negligence, but it is a case where the jury might well find that it was the duty of the company to so arrange its merchandise that neither the articles themselves, nor anything used in connection therewith, would render the aisles unsafe for use by customers, which it invites to use them.

Our conclusion is that the evidence objected to was competent; that the motion for a directed verdict was properly overruled; that the verdict and judgment are not against the weight of the evidence, and that there was no error in the rulings of the court in reference to requests to charge before argument, and no error in the charge after argument which was prejudicial to said company.

We find an error in the charge in reference to the burden of proof as to contributory negligence, but that was in favor of the company.

Funk, PJ., Pardee, J., and Washburn, J., concur.