## F W WOOLWORTH CO v BLAND

Ohio Appeals, 9th Dist, Summit Co

No 2223.   Decided Nov 13, 1933

Musser, Kimber & Huffman, Akron, for plaintiff in error.

Rockwell, Grant, Thomas & Buckingham, Akron, for defendant in error.

### OPINION

By STEVENS, J.

Reference will be made to the parties as they appeared in the lower court, where Lois Bland appeared as plaintiff and F. W. Woolworth Co. as defendant.

Plaintiff filed her petition against defendant, seeking recovery for personal injuries alleged to have been sustained by her from falling upon a certain step in a stairway maintained by defendant in its store at 76 South Main Street, Akron, Ohio.

It was alleged therein that plaintiff failed to properly inspect said step, and that by reason thereof the metal binding on the front of the step was permitted to come into disrepair and bulge out, so that it "caught the foot of plaintiff, causing her to be tripped and to fall headlong down said stairway."

Other grounds of negligence were set out in said petition, but no proof was offered upon them.

To the plaintiff's petition the defendant filed an answer, admitting the operation of said store and the maintenance of said step, that plaintiff fell and sustained some injuries, and further generally denying the allegations of the petition. Defendant then pleaded contributory negligence upon the part of the plaintiff.

Upon trial had, a verdict in favor of plaintiff for $2500 was returned by the jury, upon which judgment was subsequently entered. To reverse that finding and judgment, error is prosecuted to this court.

Several assignments of error are urged by the defendant; first, that the verdict and judgment are against the weight of the evidence; second, error in the refusal of the court to direct a verdict in favor of the defendant; third, error in the admission and exclusion of evidence; and fourth, error in the charge of the court.

We have carefully read the entire record herein, and are unable to unanimously agree that the verdict and judgment are manifestly against the weight of the evidence.

The second assignment of error is predicated upon the assertion that there is neither evidence in the record showing knowledge upon the part of the defendant of the claimed defect in the step alleged to have been defective, nor is there any evidence that said claimed defect had existed for a sufficient length of time to charge defendant with constructive knowledge thereof, and that hence the court should have directed a verdict for defendant.

The rule in Ohio, as we understand it, with reference to notice of a defective condition existing in a place which the public is invited to frequent, is laid down in the

case of **Humphrey Co. v Ohlson, 18 C. C. (N.S.) 29**—the syllabus of which is:

"The proprietor of a bowling alley impliedly warrants that it is safe for the purpose intended, and is therefore under a continuing duty of inspection to see that it is safe, and if he neglects this duty the question of his knowledge or ignorance of a defect which renders it unsafe is immaterial."

To the same effect is 1 Thompson on Negligence (2nd ed.), §996, where the following appears:

"Doubtless the true theory is that such persons assume the obligation of exercising reasonable care, and that what will be reasonable care will be a degree of care proportioned to the danger incurred, and to the number of persons who will be subjected to that danger. A good expression of the rule of liability, applicable in such cases, is found in an English case to the effect that the proprietor of such a structure is not a warrantor or insurer that it is absolutely safe, but that he impliedly warrants that it is safe for the purpose intended, save only as to those defects which are unseen, unknown and undiscoverable,—not only unknown to himself, but undiscoverable by the exercise of any reasonable skill and diligence, or by any ordinary and reasonable means of inquiry and examination. Such being the nature of the obligation, it is obvious that the proprietor of such a building is under a continuing duty of inspection, to the end of of seeing that it is reasonably safe for the protection of those whom he invites to come into it; and that if he neglects his duty in this respect, so that it becomes unsafe, the question of his knowledge or ignorance of the defect which renders it unsafe is immaterial."

This rule is followed in the case of Currier v Boston Music Hall Assn., 135 Mass. 414, the syllabus of which is:

"The proprietor of a hall to which the public is invited is bound to use ordinary care and diligence to put and keep the hall in a reasonably safe condition for persons attending in pursuance of such invitation; and if he neglects his duty in this respect, so that the hall is in fact unsafe, his knowledge or ignorance of the defect is immaterial."

2 Cooley on Torts (3rd ed.), page 1259, says that when one "expressly or by im-

plication invites others to come upon his premises, whether for business or for any other purpose, it is his duty to be reasonably sure that he is not inviting them into danger, and to that end he must exercise ordinary care and prudence to render the premises reasonably safe for the visit."

The above rule has been followed and approved by this court in the case of **Reichlin, Reidy & Scanlon Co. v Brightman, 8 Abs 362.**

In view of the foregoing, we hold that the trial court did not err, under the evidence offered, in refusing to direct a verdict in favor of the defendant.

We have examined the claimed errors in the admission and exclusion of evidence, and also the errors assigned in the charge of the trial court, and we find no error prejudicial to the rights of the defendant in either of these respects.

The judgment is therefore affirmed.

WASHBURN, PJ, and FUNK, J, concur in judgment.