STEPHENS v
AKRON PALACE THEATRE CORP

Ohio Appeals, 9th Dist, Summit Co

No 2720. Decided Sept 18, 1936

Brouse, Englebeck, McDowell, May & Bierce, Akron, for plaintiff in error.

Howell, Roberts & Duncan, Cleveland, and Motz & Morris, Akron, for defendant in error.

OPINION

By WASHBURN, J.

Jean Stephens, as plaintiff, brought an action in the Common Pleas Court against the Akron Palace Theatre Corp. to recover damages for injuries suffered while a patron in the theater of the defendant, claimed to have been caused by the negligence of the defendant.

At the close of the evidence upon behalf of plaintiff, defendant moved for a judgment in its favor, and the court overruled the same, with a reservation of the right to reconsider the same later in the trial.

At the close of all of the evidence in the case, the motion was renewed, and likewise overruled.

The jury returned a verdict for a substantial amount in favor of the plaintiff.

Within three days thereafter, the defendant filed a motion for judgment in its favor, for the reason that the court should have granted its motion therefor during the trial, and the defendant at the same time filed a motion for a new trial, one of the grounds being the claimed error of the court in not entering said judgment during the trial. Thereafter, acting upon said reservation, the court granted the motion of the defendant for a judgment and dismissed plaintiff's petition, and at the same time set aside the verdict and overruled the motion for a new trial. To said ruling of the court on the motion of the defendant for judgment in its favor, the plaintiff has prosecuted this error proceeding.

The action below was based upon the claim that there was a defect in the seam of the carpet at the top of the stairs leading from the foyer of defendant's theater to the first floor thereof, and that the plaintiff caught her foot in said seam, tripped and fell down the stairs, and was injured thereby.

It is conceded that, on the issue as to whether there was any defect in the carpet, the evidence was in such conflict as to require that issue to be submitted to the jury; and it is conceded that plaintiff had a right to have her cause submitted to the jury unless her right of recovery depended upon her offering proof of notice to the defendant, actual or constructive, of the existence of such defect.

Defendant insists that it is not liable unless it had knowledge of such defect, or unless such defect had existed for a sufficient length of time to charge defendant with notice of the existence of said defect. It is contended that the rule that should be applied is the same as is applied to a situation where the injury is proximately caused by the presence of an object placed in such a place by a third person; and the trial court so held:

We are unable to agree with that contention.

We think that, where a proprietor invites people upon his premises and receives compensation for the privilege of their entrance, or for their entertainment while there, he impliedly undertakes that, except as to the presence of something not connected with the operation of the business, the premises at the time such invitation is acted upon are reasonably safe for the purposes intended save only as to those defects which are unseen, unknown, and undiscoverable by the exercise of reasonable skill and diligence, or by any reasonable means of inquiry and examination.

In 1 Thompson on Negligence (2nd ed.), §996 (referring to situations other than where the presence of something not connected with the operation of the business is involved), it is stated that:

"Such being the nature of the obligation, it is obvious that the proprietor of such a building is under a continuing duty of inspection, to the end of seeing that it is reasonably safe for the protection of those whom he invites to come into it; and that, if he neglects his duty in this respect, so that it becomes unsafe, the question of his knowledge or ignorance of the defect which renders it unsafe is immaterial."

As to the presence of something not connected with the operation of the business, and not placed there by the proprietor or his agents, which renders the premises unsafe, the rule is that the proprietor is not under a continuing duty of inspection, and is not responsible without proof of his knowledge of the situation or proof that the condition had existed for such a length of time as to charge him with notice; but it seems to us to be established that, as to defects in instrumentalities furnished and maintained by the owner, his knowledge, actual or imputed, is not a necessary predicate of negligence on his part; that on the contrary, his negligence may consist of a failure to use reasonable and ordinary care to know of the existence of such defects, and especially so if the defects are due to the use of the instrumentalities for the purposes for which they were furnished by him, and if such use might reasonably be expected to result in defects unless such instrumentalities be kept in repair.

In support of the view of the law we have indicated, we cite Currier v Boston Music Hall Assn., 135 Mass. 414; 2 Cooley on Torts (3rd ed.), page 1259; **Humphrey Co. v Ohlson, 32 C.D. 571, 18 C.C. (N.S.) 29**; 26 R.C.L., "Theaters, Shows, etc.," §14, page 713; Birmingham Amusement Co. v Norris, 53 A.L.R. 840; and Lusk v Peck, 116 N. Y. Supp. 1051.

We applied these principles in the case of **F. W. Woolworth Co. v Bland, 22 Abs 660**, Summit County, decided by this court on November 13, 1933 (unreported).

In the case at bar, our judgment is that there was presented a jury issue, if the jury

found that the defect existed, as to whether or not the defendant exercised reasonable and ordinary care, under all of the circumstances shown, to discover and remedy such defect, and that the trial court erred in holding, as a matter of law, that because there was no evidence that the defendant had notice, actual or implied, of such defect, it was not negligent, and in rendering judgment dismissing plaintiff's petition.

For such error, the judgment dismissing plaintiff's petition at her costs is reversed, and the cause is remanded to the Court of Common Pleas for trial de novo.

FUNK, PJ, and STEVENS, J, concur in judgment.