## SHAFFER v S S KRESGE CO

Ohio Appeals, 2nd Dist, Franklin Co

No 2700. Decided May 11, 1937

Paul M. Herbert, Columbus, and George Austin, Columbus, for plaintiff-appellee.

Pomerene & Boulger, Columbus, and Harry Weaver, Columbus, for defendant-appellant.

## OPINION

By THE COURT

This cause is now being determined on motion of appellee to certify the record to the Supreme Court of Ohio for review and final determination, for the claimed reason with the judgment of this court is in conflict with the judgment of the Court of Appeals of the Ninth District in three cases, as follows:

F. W. Woolworth Company v Bland, 22 Abs 660;

Reichlin, Reidy & Scanlon Company v Brighton, 8 Abs 362;

Stephens v Akron Palace Theater Corporation, 5 NE (2d) 499.

An examination of the record in the instant case presents a question of grave doubt as to whether or not the plaintiff-appellee in the trial of the case was invoking the principles of law set forth in the three cases decided by the Court of Appeals of the Ninth District. Undoubtedly the allegations of the petition were broad enough upon which to base the claim as disclosed from one line in the amended petition setting out the claimed negligence:

"(1) In failure to examine and inspect the stairway."

However, the amended petition apparently stressed the ground of failure to repair after notice, actual or constructive.

Under No. 2 specification of negligence appeared the following:

"(2) In failing to warn the plaintiff of the defect in an unsafe condition of the stairway after the defendant had or by the use of reasonable and proper means should have had knowledge of the defective and unsafe condition of the stairway."

Also at an earlier paragraph of the amended petition appeared the following:

"That the brass strip on the top step of the stairway leading from the second to the first floor had been negligently, wrongfully and carelessly allowed to become loose and turned up on the edge, of which condition the defendant had or by the exercise of ordinary and reasonable care should have had notice."

The memorandum accompanying the application to certify and the cases claimed to be in conflict assert the rule to be that the proprietor of a place which the public is invited to frequent impliedly warrants

that it is safe for the purpose intended, and that the knowledge or ignorance of the defect which renders it unsafe is immaterial.

This theory of law was not presented to us either in oral argument or written briefs prior to the release of our opinion. A careful examination of the brief of counsel for appellee leads to no other conclusion than that it was sought to support the verdict on the theory that defendant had notice, actual or construcive, of the claimed defect in the stairway. Nowhere in the brief is it mentioned that notice or knowledge would be immaterial by a claim of implied warranty.

In preparing the opinion we accepted this prepared theory of eminent counsel.

Counsel for appellee has very frankly stated orally that he had not discovered the authorities claimed to be in conflict until after the release of our opinion on February 6th.

Two of the cases were very recently published: The case of F. W. Woolworth Company v Bland, was decided November 13, 1933, but not published in the Ohio Law Abstract until March 6, 1937. In the case of Stephens v Akron Palace Theater Corporation, the decision was rendered September 18, 1936, but not published in N. E. Reporter until January 27, 1937. However, in the case of Reichlin, Reidy & Scanlon Company v Brighton, the opinion was released April 30, 1930 and published in 8 Abs 362, shortly thereafter.

On pages 2 and 3 of our opinion we stated the following:

"The scope of this inquiry may be further classified as follows:

"(1) Does the evidence support the claimed defect in the stairway?

"(2) Did the defendant have notice, actual or constructive, of such claimed defect?

"(3) The weight of the evidence in both."

We found that the weight of the evidence failed to support plaintiff-appellee's contention on either. Having found that the weight of the evidence failed to support the claimed defect in the stairway, a finding on the second specification would not be essential. However, we did, in what might properly be termed an alternative, make a finding that notice, actual or constructive, was not sustained by the greater weight of the evidence.

We did not discuss or pass on the question of implied warranty, ▮▮▮▮▮▮ because it was not presented or discussed in the briefs.

Had this question been presented, and even had we followed the Court of Appeals of the Ninth District in our announcement, it would not have changed our conclusions. The judgment of the lower court would still have been reversed on the ground that the manifest weight of the evidence failed to support the claimed defect in the stairway.

It is obvious that the weight of the evidence may not be the predicate for an order of certification. Furthermore, the Supreme Court has stated time and again that they will not consider the weight of the evidence on review. It has always been the aim of our court to lend its aid wherever possible to review in the Supreme Court. However, when the question is presented it becomes our duty to pass upon it judicially and not as a mere matter of favor. We are unable to judicially determine that there is a conflict and hence the application to certify will be overruled.

Considering that the case will be retried, we do deem it advisable to make some reference to this controverted question which will confront the trial court. For various reasons we hesitate to announce a rule to control the new trial of this case. One reason is that the personnel of our court has changed since our opinion was released and the new member of the court will not participate in this opinion overruling application to certify.

Second, counsel for appellant strenuously contend that the reported cases are to be distinguished from the instant case in their facts. Third, counsel for appellee made the oral statement that holding the principle in his own mind, he had not been able to find authority to support him until after the release of our opinion. This at once leads to the conclusion that it is a new question and should not be hastily determined. We think the matter should come up in a regular way where it may be presented to the entire court.

However, we will withdraw from our opinion all reference to notice, actual or constructive. This will leave the question as an original one for the trial court.

BARNES, PJ, and HORNBECK, J, concur.
GEIGER, J, not participating.