## Wiant v. May Department Stores
### Case No. 89CA32
### Mahoning County, (7th)
### Decided February 16, 1990
[Cite as 1 AOA 239]

*For Plaintiffs-Appellants: Atty. Norman A. Rheuban, 132 S. Broad Street, P. O. Box 533, Canfield, Ohio 44406,*

*For Defendant-Appellee: Atty. Alan D. Glassman, P. O. Box 79020, 14650 Detroit Avenue, Suite 575, Lakewood, Ohio 44107-4292.*

DONOFRIO, J.

This is an appeal from the Court of Common Pleas of Mahoning County, Ohio.

The trial court sustained defendant-appellee's motion for a directed verdict at the close of plaintiff-appellant's case.

Appellant sets forth one assignment of error, as follows:

"The trial court erred in sustaining Defendant's Motion for Directed Verdict and dismissing the case."

On December 21, 1985, appellant, Ann

Wiant, and her son were shopping at appellee's department store in Austintown, Ohio. While the two shopped, appellant's son called to her and she walked toward him, past a platform which held two display mannequins. As appellant passed the mannequin display platform, she fell and injured her elbow, apparently tearing it out of its socket. It is appellant's contention that her fall was due to a loose piece of Formica which protruded from the platform.

Conversely, appellee states that it has not been shown that the Formica created the hazard which caused appellant's fall. Appellee argues that appellant failed to established evidence as to the cause of her fall. Appellee also states that appellant failed to establish that a defective condition existed on appellee's premises and that if said condition existed, appellee had either actual or constructive notice of said condition.

The trial court's judgment entry did not include a statement as to the basis for the trial court's decision, pursuant to Ohio Civ. R. 50(E). However, the record indicates considerable discussion between the court and counsel which reflected the court's reasoning for its determination. It appears, at page 255 of the record, that the trial court essentially found that the appellant had failed to establish notice to appellee of a condition either actual or constructive.

We find appellant's assignment of error has merit for the following reasons. Appellant presented the following fact situation.

Because of the seasonal crowding of merchandise displayed for sale, appellee had narrowed some of the walkways in said store so that passage therein was restricted. In particular, one such walkway in the men's clothing department was narrowed to a width of less than two persons standing side by side or approximately two feet. Such narrowing was brought about by placing a display of boys' summer clothing on mannequins standing on a low platform or island, on the one side, in close proximity to a circular rack of men's trousers on the other side.

The mannequin island was covered on the sides with a thin veneer of a Formica-like material. A black substance and a nail had been used to attach a piece of Formica to part of the particle board of the platform base on the side facing the aforesaid narrow walkway but the Formica was not completely bonded or laminated to the base along its entire length.

Appellant was carrying bulky clothing she intended to purchase. She began to pass through the narrow walkway described which brought her close to the mannequin platform.

Appellant's testimony on cross-examination regarding her fall is taken from the record at page 229-230, as follows:

"Q. Directing your attention again to that deposition -- okay, Mrs. Wiant? -- Mr. Rasmussin asked you the following question: Do you have any knowledge as to why you fell? Your answer: I -- the only thing I could figure out was that I -- either my pant leg or my boot caught in a piece of loose Formica, because when they got me up, Charles found a piece of Formica that was out in front of me or underneath me. I'm sorry. * * * "That was your answer at that time; correct?
"A. Yes, sir.
"Q. So when he asked you about why you fell, you did not mention to him anything about the proximity of it, the closeness between the pants rack and the mannequin island; did you?
"A. No.
"Q. You're not saying, are you, that this nail caused you to fall; are you?
"A. I'm not saying anything.
"Q. Well, that nail didn't cause you to fall; did it?
"A. I don't know.
"Q. You don't know what caused you to fall; do you?
"A. That's true, yes."

Appellant argues that appellee created the hazardous conditions causing her injury and points to the physical evidence introduced. Appellant argues that the photographs taken by both appellant and appellee clearly showed the scene in question and the condition of the store and its displays. Appellant argues that the uncontroverted observations of the witnesses with reference to those photographs revealed the defective construction and maintenance of the premises.

The black substance used to laminate the Formica veneer to the particle board was not applied completely along the entire length of the platform; a nail without a head had been unsuccessfully used to re-affix the veneer.

In effect, appellant argues that if a person is injured by a defect in an object which is furnished and maintained by the operator of a

premises, the operator's actual or imputed knowledge of the defect is not a necessary predicate of liability. Appellant argues further that the veneer from the base of the display platform could only have come loose because of a defective construction or maintenance of the platform. Appellant argues that appellee's responsibility for the hazard derives from its defective construction and maintenance.

We find merit to appellant's arguments.

In the case of *Stephens* v. *Akron Palace Theatre Corp.* (1936), 53 Ohio App. 434 at pages 436-437 it is stated:

"As to the presence of something not connected with the operation of the business, and not placed there by the proprietor or his agents, which renders the premises unsafe, the rule is that the proprietor is not under a continuing duty of inspection, and is not responsible without proof of his knowledge of the situation or proof that the condition had existed for such a length of time as to charge him with notice; but it seems to us to be established that, as to defects in instrumentalities furnished and maintained by the owner, his knowledge, actual or imputed, is not a necessary predicate of negligence on his part; that, on the contrary, his negligence may consist of a failure to use reasonable and ordinary care to know of the existence of such defects, and especially so if the defects are due to the use of the instrumentalities for the purposes for which they were furnished by him, and if such use might reasonably be expected to result in defects unless such instrumentalities be kept in repair."

Ohio Civ. R. 50(A)(4) states:

"When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue."

Appellant was entitled to have the evidence construed most strongly in her favor. That portion of the Formica that was found under or by the appellant fit the portion that was missing from the display stand. Reasonable minds might reach different conclusions as to whether or not the aisles and display points were crowded by appellee to the point that customers had to brush up against them in order to move about in the store. Reasonable minds might reach different conclusions as to whether or not appellant caught her boot or pants on the piece of Formica found and whether or not it broke off the display when she was thrown to the floor.

Where the circumstances are such that reasonable minds might reach different conclusions as to inferences to be drawn from the undisputed evidence, there arises a question of fact for the jury. The cases cited by appellee in the lower court, *Parras* v. *Standard Oil Co.* (1953), 160 Ohio St. 315; *McKinley, et al,* v. *The F. W. Albrecht Grocery Co.* (C.A. 9, 1977), Case No. 8585, unreported; and *Johnson* v. *Wagner Provision Co.* (1943), 141 Ohio St. 584; involve, in each case, some intervening agency, causing, respectively, oil, grapes, and mayonnaise to be deposited on the premises or unknown substances.

In the case of *Perry* v. *Eastgreen Realty Co.* 1978), 53 Ohio St. 2d 51, the Ohio Supreme Court stated at page 52:

"We disagree with appellant's contention that an invitee must demonstrate that a peril was actually known to the owner of premises. The better view is that once the evidence establishes that a dangerous condition existed, and that it is condition about which the owner should have known, evidence of actual knowledge on his part is unnecessary.

"'The occupier is not an insurer of the safety of invitees, and his duty is only to exercise reasonable care for their protection. But the obligation of reasonable care is a full one, applicable in all respects, and extending to everything that threatens the invitee with an unreasonable risk of harm. The occupier must not only use care not to injure the visitor by negligent activities, and warn him of latent dangers of which the occupier knows, but he must also inspect the premises to discover possible dangerous conditions of which he does not know, and *take reasonable precautions to protect the invitee from*

242

*dangers which are foreseeable from the arrangement or use.* The obligation extends to the original construction of the premises, where it results in a dangerous condition.' Prosser on Torts (4 Ed.), 392-93 (1971)." (Emphasis added.)

We find that the facts of the instant case come under the standard as put forth in the cases of Stephens, *supra,* and *Perry, supra.* For the reasons discussed in this opinion, appellant's assignment of error is sustained and the judgment of the trial court is reversed.

Judgment reversed and cause remanded for further proceedings consistent with this opinion and according to law.

O'NEILL, P. J., COX, J., Concur.