KUBIAK, Appellee,

v.

WAL–MART STORES, INC., Appellant.

[Cite as *Kubiak v. Wal–Mart Stores, Inc.* (1999), 132 Ohio App.3d 436.]

Court of Appeals of Ohio,
Third District, Logan County.

No. 8–98–34.

Decided March 29, 1999.

*Jeffrey C. Snapp*, for appellee.

*John A. Burgess*, for appellant.

HADLEY, Judge.

Wal–Mart Stores, Inc. appeals from a judgment in favor of James Kubiak for $95,000 for injuries and losses he suffered when a piece of exercise equipment collapsed while he was testing it at the Wal–Mart store in Bellefontaine, Ohio. For the following reasons, we affirm the judgment of the Logan County Court of Common Pleas.

On December 2, 1995, Mr. Kubiak, his wife, Janet Kubiak, and their daughter, Kateri Kubiak, were Christmas shopping at the Wal–Mart store in Bellefontaine, Ohio. In the store, Mrs. Kubiak began using a piece of exercise equipment, which was on display. Mr. Kubiak then attempted to use a piece of exercise equipment (the "gravity rider") directly across from Mrs. Kubiak. The first time Mr. Kubiak pulled up on the handlebars, he heard a noise and saw something shoot out of the right side of the gravity rider. The machine collapsed, landing him on his tailbone.

At trial, Robert Lewis, then manager of the Wal–Mart store, testified that there was a two-page file on this incident, consisting of the accident report and his notes regarding Mr. Kubiak's doctor visits. The accident report provides that

Mr. Kubiak "was trying [*sic*] at the Gravity Rider that was on display and his was [*sic*] up in the air and it fell back to the ground." Lewis also testified that Wal–Mart did not have a maintenance schedule for the assembled exercise equipment. Lewis testified that the store had about 5,000 customers daily during the Christmas season. He admitted that it was foreseeable that someone could have tampered with the gravity rider. Lewis also stated that it was reasonable to assume that there was nothing wrong with the gravity rider and that it was eventually sold to the public. Lewis testified that the equipment was available for the customers to try.

Ron Halterman, who was an assembler at the Wal–Mart store in December 1995, testified that Wal–Mart did not have a prepared inspection schedule for the displayed exercise equipment. Halterman stated that he would know whether a piece of exercise equipment needed repair from "somebody walking by and seen [*sic*] it or a customer reporting it" or occasionally he would go out to the sales floor and examine the equipment himself.

Halterman stated that he was aware that children would use the displayed exercise equipment roughly. Halterman vaguely remembers Kubiak's accident and could not remember whether he assembled the specific gravity rider that Kubiak attempted to test. Halterman did describe the assembly procedures for the gravity riders. Halterman also stated that he inspected every gravity rider that he put together before placing it on the sales floor.

As a result of this incident, Kubiak sued Wal–Mart. A jury verdict for Kubiak awarded him $95,000. Wal–Mart now appeals, setting forth one assignment of error:

## ASSIGNMENT OF ERROR

"The trial court erred by denying Wal–Mart's motion for directed verdict and in instructing the jury on negligence."

Under this assignment of error, Wal–Mart raises various issues, which this court will address separately for clarity.

## I

We will first address whether the trial court erred in denying Wal–Mart's motion for a directed verdict.

Pursuant to Civ.R. 50(A)(4), when considering a motion for a directed verdict, a trial court is to construe the evidence most strongly in favor of the party against whom the motion is directed and find that based on the evidence, reasonable minds could come to only one conclusion and that conclusion is

adverse to the party opposing the motion. *White v. Ohio Dept. of Transp.* (1990), 56 Ohio St.3d 39, 45, 564 N.E.2d 462, 468. On the other hand, if reasonable minds might reach different conclusions based on some competent evidence favoring the nonmoving side, the motion must be denied. *Ramage v. Cent. Ohio Emergency Serv., Inc.* (1992), 64 Ohio St.3d 97, 109, 592 N.E.2d 828, 837.

Kubiak's complaint and amended complaint allege only that Wal–Mart negligently assembled the gravity rider. At trial, however, Kubiak also raised the issue whether Wal–Mart breached its duty to properly maintain its premises for business invitees.

Civ.R. 15(B) provides in part:

"When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings."

After reviewing the record in this matter, we find that Wal–Mart consented implicitly to this new issue. See *State ex rel. Evans v. Bainbridge Twp. Trustees* (1983), 5 Ohio St.3d 41, 5 OBR 99, 448 N.E.2d 1159. Wal–Mart failed to object to the testimony of Robert Lewis (the store manager) and Ron Halterman (the assembler), who both testified to the inspection and maintenance of the exercise equipment. Additionally, Wal–Mart addressed this new issue during its motion for a directed verdict and in its request for jury instructions. Accordingly, we find that Kubiak's burden included establishing *either* that Wal–Mart negligently assembled the gravity rider *or* that Wal–Mart negligently maintained its premises.

In order to establish a cause of action in negligence, the plaintiff bears the burden of proving (1) that the defendant owed a duty of reasonable care to the plaintiff, (2) that the defendant breached its duty of reasonable care, and (3) that the plaintiff suffered injuries proximately caused by the breach. *Strother v. Hutchinson* (1981), 67 Ohio St.2d 282, 285, 21 O.O.3d 177, 179, 423 N.E.2d 467, 469–470.

It is undisputed that Wal–Mart owed the following duty to Kubiak as a business invitee:

"Generally, a business owner or operator owes invitees a duty of ordinary care and must maintain his premises in a reasonably safe condition so that invitees are not unnecessarily and unreasonably exposed to danger." *Gregg v. Kroger Co.* (Apr. 19, 1991), Champaign App. No. 90 CA 12, unreported, 1991 WL 64985, citing *Campbell v. Hughes Provision Co.* (1950), 153 Ohio St. 9, 41 O.O. 107, 90 N.E.2d 694.

■ If the owner/operator or one of its employees creates a danger, the plaintiff need not prove that owner had notice of the danger. *Detrick v. Columbia Sussex Corp., Inc.* (1993), 90 Ohio App.3d 475, 477, 629 N.E.2d 1081, 1082–1083. The plaintiff only needs to establish that the owner/operator or one of its employees created the condition. *Gregg, supra.* That is, "proof of creation equals proof of knowledge." *Tandy v. St. Anthony Hosp.* (Nov. 29, 1988), Franklin App. No. 88AP–551, unreported, 1988 WL 129161. See, also, *Guilford v. Cent. Hardware Co.* (1989), 62 Ohio App.3d 58, 574 N.E.2d 564 (holding that when evidence indicated that store owner created hazardous condition by placing a splintered rake on display, the plaintiff was not required to show notice).

■ If, however, a person other than the owner/operator creates a dangerous condition, the plaintiff must show that the "owner had, or in the exercise of ordinary care should have had, notice of the condition for a sufficient time to enable him, in the exercise of ordinary care, to remove the hazard or warn his patrons about it." *Gregg, supra,* citing *Presley v. Norwood* (1973), 36 Ohio St.2d 29, 65 O.O.2d 129, 303 N.E.2d 81.

■ Moreover, the Ohio Supreme Court has held that an " 'occupier must not only use care not to injure the visitor by negligent activities, and warn him of latent dangers of which the occupier knows, but he must also inspect the premises to discover possible dangerous conditions of which he does not know, and take reasonable precautions to protect the invitee from dangers which are foreseeable from the arrangement or use.' " *Perry v. Eastgreen Realty Co.* (1978), 53 Ohio St.2d 51, 52, 7 O.O.3d 130, 131, 372 N.E.2d 335, 336, quoting Prosser, Law of Torts (4 Ed. 1971) 392–393. We do note, however, that a merchant is not an insurer of a customer's safety. *Paschal v. Rite Aid Pharmacy, Inc.* (1985), 18 Ohio St.3d 203, 204, 18 OBR 267, 268, 480 N.E.2d 474, 475–476.

■ The burden of proof that a merchant has failed to take reasonable precautions is on an invitee. *Perry,* 53 Ohio St.2d at 53, 7 O.O.3d at 131, 372 N.E.2d at 336–337. "The mere happening of an accident gives rise to no presumption of negligence, and where one is accidentally injured while he is a business guest upon the premises of another, the burden is upon the person injured to show negligence upon the part of such other before he can recover damages from such other." *Parras v. Std. Oil Co.* (1953), 160 Ohio St. 315, 52 O.O. 206, 116 N.E.2d 300, paragraph one of the syllabus.

■ In its motion for a directed verdict, Wal–Mart argued that Mr. Kubiak did not establish that the gravity rider had a defect or that the defect had been there a sufficient amount of time for Wal–Mart to be on notice and to repair it or put other customers on notice.

At trial, Kubiak testified that the first time he pulled up on the handlebars of the gravity rider, he heard a noise and saw something shoot out of the right side of the machine. The machine collapsed, and Kubiak landed on his tailbone. Mrs. Kubiak and Kateri Kubiak both witnessed the gravity rider collapse.

Lewis and Halterman each testified that there was not a maintenance schedule to inspect the assembled exercise equipment. Moreover, Lewis testified that it was foreseeable that someone could have tampered with the gravity rider. He testified that, at the time of the incident, there were about 5,000 customers daily at the store. Halterman stated that children would "get on them [the displayed gravity riders] and ride them real hard." Halterman also testified that he would know if a piece of exercise equipment needed repair if "somebody walking by and seen [*sic*] it or a customer reporting it" or occasionally he would go out to the sales floor and examine the equipment himself.

Kubiak is not relying upon the mere fact that he was injured on Wal–Mart's premises. Rather, Kubiak contends that Wal–Mart's failure to employ maintenance inspections on the displayed exercise equipment was negligent in view of the foreseeable risk that customers might abuse the equipment and render it harmful to a customer testing the equipment.

We find that the above-cited evidence could reasonably support the conclusion that the gravity rider's collapse was due to its use by Wal–Mart patrons, that Wal–Mart failed to use reasonable and ordinary care to learn of the existence of the defect, and that Wal–Mart's negligence was the proximate cause of Kubiak's injuries.

The trial court was required to view the evidence most strongly in favor of Kubiak in deciding Wal–Mart's motion for a directed verdict. In doing so, it was required to deny Wal–Mart's motion. As we find that reasonable minds could find for Kubiak on the issue of liability, we find that the trial court properly overruled Wal–Mart's motion for a directed verdict.

## II

We will next address whether the trial court erred in instructing the jury on the issue of negligence. Wal–Mart failed to discuss this issue in its brief as required by App.R. 16. Wal–Mart appears to have objected to the jury instructions at trial during oral arguments for its motion for a directed verdict. Specifically, it appears that Wal–Mart objected to the following:

"However, the occupier or owner of such premises impliedly warrants that his premises are safe for the purposes intended. And he is therefore under a continuing duty of inspection to see that the premises are safe. And if he

neglects this duty, his knowledge or ignorance of a defect which renders the premises unsafe is immaterial."

This language was taken directly from 76 Ohio Jurisprudence 3d (1987), Premises Liability, Section 34, which cites *Perry,* 53 Ohio St.2d 51, 7 O.O.3d 130, 372 N.E.2d 335. The *Perry* case, as cited above, is still law in Ohio. Thus, after a review of the jury instructions in this case, we find no error that would undermine the legitimacy of the judicial process because the court's instruction on negligence adequately stated the law. See *Laderer v. St. Rita's Med. Ctr.* (1997), 122 Ohio App.3d 587, 702 N.E.2d 476.

## III

In its brief, Wal–Mart also contends that it cannot be liable under the rule of *res ipsa loquitor.* "The *res ipsa loquitor* doctrine is an evidentiary rule which permits, but does not require, an inference of negligence when the elements of the doctrine are shown." *Cochran v. Ohio Auto Club* (Oct. 3, 1996), Marion App. No. 9–96–33, unreported, 1996 WL 562055, citing *Morgan v. Children's Hosp.* (1985), 18 Ohio St.3d 185, 18 OBR 253, 480 N.E.2d 464. We can find no evidence in the record that supports Wal–Mart's contention that the jury relied upon *res ipsa loquitor* in rendering its verdict. Accordingly, we find no merit in this argument.

Wal–Mart's assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

THOMAS F. BRYANT, P.J., and WALTERS, J., concur.