ACCELERATED JOURNAL ENTRY AND OPINION
Appellants, Timothy Nice, M.D. and Sarah Nice, appeal the trial court's grant of summary judgment in favor of appellee, Meridia Hillcrest Hospital. For the following reasons, we affirm.
Appellant, Dr. Timothy Nice, is an orthopedic surgeon affiliated with appellee, Meridia Hillcrest Hospital. On December 11, 1998, appellant performed a surgery at Hillcrest. After the surgery, he went to the locker room to change. He started to sit down on a bench located in front of his locker, in order to tie his shoes. The bench fell over, and Dr. Nice fell backwards onto the floor. He sustained injury to his neck, which has continually caused him pain. Surgery may be required to relieve the pain.
In his deposition, Dr. Nice testified that the bench had been loose ever since it was installed three years ago. Everyone that used the locker room, including Dr. Nice, was aware of the condition of the bench. Dr. Nice did not tell any employee of Hillcrest about the condition of the bench before the injury. Theresa Cline, of the Hillcrest Hospital maintenance department, averred that she had no record of any complaints about the bench.
Larry Crimmel, a medical technician and a hospital employee who used the locker room, knew about the condition. He believed the condition was open and obvious only to the people with lockers in that corner.
Dr. Nice sued appellee for negligence. His wife, Sarah Nice sued appellee for loss of consortium. The trial court found that, even if appellee had constructive knowledge of the defect, Dr. Nice's negligence directly led to the injury.
 I.
Appellants' first assignment of error states:
 THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT AS GENUINE ISSUES OF MATERIAL FACT EXIST AS TO WHETHER APPELLEE HAD CONSTRUCTIVE KNOWLEDGE OF THE LOOSE BENCH SO AS TO INFER NEGLIGENCE UPON APPELLEE.
Summary judgment is appropriate upon the demonstration that: (1) there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. See Civ.R. 56(C), Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64, 66.
In order to maintain a claim for negligence, the plaintiff must demonstrate a duty of care, and that the breach of that duty directly and proximately caused the injury. See Texler v. D.O. Summers Cleaners Shirt Laundry Co. (1998), 81 Ohio St.3d 677, 680. Appellee had a duty to Dr. Nice, an invitee, to exercise ordinary care and maintain the premises in a reasonably safe condition. See Light v. Ohio University (1986),28 Ohio St.3d 66, 68; Kubiak v. Wal-Mart Stores, Inc. (1999),132 Ohio App.3d 436, 440. In order for an invitee to show the premises owner breached this duty of care, the invitee must show that either the owner created the condition, had actual knowledge of the condition or the danger existed for a sufficient length of time to establish constructive knowledge of the condition. Baudo v. Cleveland Clinic Foundation (1996),113 Ohio App.3d 245, citing Johnson v. Wagner Provision Co. (1943),141 Ohio St. 584, 589. An owner has constructive knowledge of defects which existed for a sufficient length of time and would have been revealed by a reasonable inspection of the premises. See Shetina v. Ohio University (1983), 9 Ohio App.3d 240.
In this case, appellants presented evidence from which a reasonable trier of fact could conclude that appellee had constructive knowledge of the defect. The defect existed for three years, and was known by everyone who used the locker room. The trial court stated in its journal entry that appellee may have had constructive notice of the defect. However, the trial court did not grant appellee's motion for summary judgment based on a finding that appellee did not breach a duty of care.
Accordingly, this assignment of error is overruled.
 II.
Appellant's second assignment of error states:
 THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT AS GENUINE ISSUES OF MATERIAL FACT EXIST AS TO WHETHER APPELLANT WAS CONTRIBUTORY NEGLIGENT, AND TO WHAT EXTENT, IF ANY, APPELLANT'S CONTRIBUTORY NEGLIGENCE WAS THE PROXIMATE CAUSE OF HIS INJURIES.
An invitee has a duty of care to avoid open and obvious hazards, which will foreseeably cause injury. Texler v. D.O. Summers Cleaners Shirt Laundry Co. (1998), 81 Ohio St.3d 677, 680. An injury is foreseeable if a reasonably prudent person would have anticipated that an injury was likely to result from the performance or nonperformance of an act. Id. Usually, the question of whether the contributory negligence of a plaintiff is the proximate cause of the injury is an issue for the jury to decide. Id. Summary judgment is appropriate, however, if a reasonable trier of fact can only conclude that the plaintiff was over fifty percent negligent. See Burks v. Glassman (Nov. 16, 2000) Cuyahoga App. No. 76676, unreported; Schindler v. Gales (Apr. 5, 2001), Cuyahoga App. No. 78421, unreported; Arsham v. Cheung-Thi Corp.(May 31, 2001) Cuyahoga App. No. 78280, unreported.
If there are factual issues concerning whether the plaintiff acted with reasonable care, summary judgment can not be granted. Schindler, Burks, supra. If there are issues as to whether plaintiff's negligence outweighed defendant's, summary judgment is not appropriate. Id. If the uncontroverted evidence demonstrates that the plaintiff knew of the hazard and could have avoided it, reasonable minds can only conclude that the plaintiff's negligence outweighs the defendant's negligence. See Basar v. Steel Service Plus (Apr. 27, 2000), Cuyahoga App. No. 77091, unreported. In such a case, summary judgment is appropriate. Id.
The facts are undisputed that the wobbly bench was open and obvious to everyone who used the locker room. Dr. Nice was aware of the condition of the bench. It was foreseeable that Dr. Nice would be injured if he attempted to sit on the bench. A reasonable trier of fact can only conclude that Dr. Nice's negligence was greater than appellee's negligence.
Accordingly, this assignment of error is overruled.
The decision of the trial court is affirmed.
It is ordered that appellee recover of appellants their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, P.J., AND PATRICIA A. BLACKMON, J., CONCUR.
 ___________________________ JOHN T. PATTON,* JUDGE:
* Sitting by Assignment: Judge John T. Patton, Retired, of the Eighth District Court of Appeals.