I concur in the majority opinion reversing the trial court's order that granted a directed verdict in favor of defendant-appellee after the close of plaintiffs-appellants' case-in-chief. I, however, would reverse on different grounds than those articulated in the majority opinion and write separately to explain my reasons for joining in the reversal.
In the first and second assignments of error, plaintiffs-appellants (Ms. Vicario) assert that the trial court erred in directing a verdict in favor of defendant-appellee Prime Medical Services, Inc. (PMI) and by denying her Motion for a New Trial. In support of both errors, Ms. Vicario maintains that she presented adequate evidence to overcome a motion for directed verdict on the issue of negligence. I agree.
The standard for granting a new trial is the same as that for granting a motion for a directed verdict. Texler v. D.O. Summers Cleaners Shirt Laundry Co. (1998), 81 Ohio St.3d 677, 679, citing Wagner v. Roche Laboratories (1996), 77 Ohio St.3d 116, 121 (other citations omitted). In adhering to the pertinent standard:
 the court must neither consider the weight of the evidence nor the credibility of the witnesses in disposing of a directed verdict motion. * * * Thus, `if there is substantial competent evidence to support the party against whom the motion is made, upon which evidence reasonable minds might reach different conclusions, the motion must be denied. Kellerman v. J.S. Durig Co. (1964), 176 Ohio St. 320
[27 Ohio Op. 2d 241, 199 N.E.2d 562] * * *.'
Id. quoting Hawkins v. Ivy (1977), 50 Ohio St.2d 114, 115.
To establish her claim of negligence, Ms. Vicario must show the existence of a duty, a breach of the duty, and that the breach of the duty proximately caused her injuries. Texler, 81 Ohio St.3d at 680. In its brief, PMI agrees that as the owner of the trailer where Ms. Vicario sustained her injuries it owes business invitees, such as Ms. Vicario, a duty to maintain its premises in a reasonably safe condition. See, generally, Kubiak v. Wal-Mart Stores, Inc. (1999), 132 Ohio App.3d 436; Tandy v. St. Anthony Hosp. (Nov. 29, 1988), Franklin App. No. 88AP-551, unreported.
Ms. Vicario contends that the existence and position of the latch mechanism on the floor of this particular trailer, coupled with the combination of the top-heavy anesthesia cart and narrow doorway of the trailer, created a hazard that amounted to negligence on the part of PMI. PMI counters that the existence of the latch mechanism was an open and obvious danger to Ms. Vicario a regular on the trailer and that the mechanism served a vital function . Ms. Vicario testified that her job duties included maneuvering equipment on and off of the trailer and that she never thought of the fact that if the wheels hit the latch mechanism that the cart would tip. (Tr. 110). There is testimony in the record that some other trailers supplied by PMI did not have the latch mechanism or, at least, did not have the mechanism in the same location. (Tr. 97).
While the record also contains evidence of potential negligence on Ms. Vicario's part, the weight of the evidence and the credibility of the witnesses' testimony falls within the province of the jury. Likewise, whether the latch mechanism was an open and obvious danger and/or whether there was any assumption of the risk by Ms. Vicario are determinations that should be made by the trier of fact.[2] I do note PMI's argument that certain specifications allegedly made by Ms. Vicario's employer absolve it of any alleged negligence. But, the record, as presented for our review, lacks sufficient evidence to support an order for directed verdict on that basis. For these reasons I concur with the majority in reversing the judgment of the trial court and would remand this cause for further proceedings.
[2] The Ohio Supreme Court has explained that its holding in Cremeans v. Willmar Henderson Mfg. Co. (1991), 57 Ohio St.3d 145, does not abolish the defense of assumption of the risk in all cases involving work-related injury. Carrel v. Allied Products Corp. (1997), 78 Ohio St.3d 284, 290. However, the defense is unavailable in those situations where the job duties require the employee to encounter the risk, and the employee is injured while engaging in normal job-related tasks. Id.