PERRY, APPELLEE, *v.* EASTGREEN REALTY COMPANY, APPELLANT.

[Cite as Perry v. Eastgreen Realty Co. (1978), 53 Ohio St. 2d 51.]

(No. 77-276—Decided February 1, 1978.)

ty.

*Messrs. Harris & Hewitt* and *Mr. William B. Hewitt,* for appellee.

52

*Messrs. Crabbe, Brown, Jones, Potts & Schmidt, Mr. William L. Schmidt* and *Mr. Vincent H. Lodico,* for appellant.

*Per Curiam.* Appellant agrees that the owner or occupant of a building who invites persons to enter owes them a duty to have the premises in a reasonably safe condition and to warn his invitees of latent or concealed perils of which he has, or reasonably should have, knowledge. However, appellant argues that if an invitee-plaintiff fails to provide evidence showing a peril, and fails also to submit evidence demonstrating that the defendant-owner was aware of this peril, the invitee has failed to present a jury question upon the issue of the owner's negligence.

We disagree with appellant's contention that an invitee must demonstrate that a peril was actually known to the owner of premises. The better view is that once the evidence establishes that a dangerous condition existed, and that it is a condition about which the owner should have known, evidence of actual knowledge on his part is unnecessary.

"The occupier is not an insurer of the safety of invitees, and his duty is only to exercise reasonable care for their protection. But the obligation of reasonable care is a full one, applicable in all respects, and extending to everything that threatens the invitee with an unreasonable risk of harm. The occupier must not only use care not to injure the visitor by negligent activities, and warn him of latent dangers of which the occupier knows, but he must also inspect the premises to discover possible dangerous conditions of which he does not know, and take reasonable precautions to protect the invitee from dangers which are foreseeable from the arrangement or use. The obligation extends to the original construction of the premises, where it results in a dangerous condition." Prosser on Torts (4 Ed.), 392-93 (1971). See, also, *Peaster* v. *William Sikes Post No. 4825 V. F. W.* (1966), 113 Ga. App. 211, 147 S. E. 2d 686, 687-88; *De Weese* v. *J. C.*

*Penney Co.* (1956), 5 Utah 2d 116, 297 P. 2d 898, 901; *Gallagher* v. *St. Raymond's Roman Catholic Church* (1968), 21 N. Y. 2d 554, 236 N. E. 2d 632, 633-34 (so changing the pre-existing common law as to require outdoor lighting where none had been requisite); *F. W. Woolworth Co.* v. *Bland* (1933), 22 Ohio Law Abs. 660, 660-61; 39 Ohio Jurisprudence 2d 586-87, Negligence, Section 64.

We agree with the Court of Appeals in the instant cause that a business owner owes the duty of ordinary and reasonable care for the safety of his business invitees and is required to keep his premises in a reasonably safe condition. The burden of producing sufficient proof that an owner has failed to take safeguards that a reasonable person would take under the same or similar circumstances falls upon the invitee.

Upon our examination of the trial record, we find that appellee testified that he did not see the glass wall in question, even though he was looking directly ahead; that he was "quite certain" that neither furniture nor anything else was positioned in front of the glass wall; that both the outside and inside walls of the immediate surroundings appeared yellow-gold in color; that the glass was devoid of "marks or anything"; and that no draperies were hanging beside the glass. Appellee conceded he knew a wall was present, but said, "I thought it was further than where I hit it * * *." Appellee testified further that the sun so shone through the glass that, although his vision remained good, the glass became invisable; and that "the glass wall dipped in by two or three feet"—this statement apparently indicating that the glass was recessed between two side walls.

We also note that at the beginning of the proceedings the jury was provided a view of the premises in question. The jurors were instructed by the trial court that although the view did not constitute evidence, it was furnished to help them understand the evidence.*

*"A large number of jurisdictions, probably a majority, holds that a view is not itself evidence, but is only to assist the trier of fact in

Under the fact-pattern presented herein, a jury question was presented regarding appellant's negligence and its motion for a directed verdict was properly overruled.

Appellant asserts that if a person approaches a known obstacle which he cannot see because of light in his eyes, takes no precautions to perceive that obstacle and is injured, he is contributorily negligent as a matter of law. Appellant relies upon *Raflo v. Losantiville Country Club* (1973), 34 Ohio St. 2d 1, 295 N. E. 2d 202.

In *Raflo*, this court held that a plaintiff who had entered a building by traversing an abnormally high step was charged with knowledge of that abnormality upon exiting; the step in *Raflo* was obvious and was at a height proscribed by the state building code. This court concluded, at page 3, that "the surrounding circumstances" of the injuries incurred therein were insufficient "to raise a jury question" as to whether the plaintiff had been contributorily negligent.

The facts of *Raflo* are clearly distinguishable from the case at bar. *Raflo* holds that, in general, a plaintiff's failure to avoid a known peril is not excused by the fact that he "forgot" or "did not think"; however, the fact of a plaintiff's forgetfulness is not identifiable with the alleged fact of a defendant's wall which, once perceived, later has become invisible. Based upon the evidence submitted to the trier of the facts in the instant cause, which included appellee's testimony that he had thought the glass wall was located elsewhere, the jury might reasonably have found that appellee was not contributorily negligent.

Appellant contends also that appellee should have produced expert testimony concerning the standard of construction of the glass wall.

understanding and evaluating the evidence. This doctrine undoubtedly rests in large part upon the consideration that facts garnered by the jury from a view are difficult or impossible to embody in the written record, thus rendering review of questions concerning weight or sufficiency of the evidence impracticable." McCormick on Evidence (2 Ed.), 539 (1972).

Standing alone, a jury view of the premises cannot be considered to constitute sufficient evidence of a fact, the establishment of which ordinarily demands the introduction of expert testimony. McCormick on Evidence (2 Ed.), 539 (1972). However, the facts disputed herein are not of the type which usually require the introduction of such testimony. The claimed interplay of glass and wall coloration, the relative position of the two and the direction of sunlight constituted a factual dispute peculiarly within the province of the jury. The jurors could see the premises first hand and ascertain what, if any, precautions would be appropriate to a reasonable person confronted with precisely that environment. Moreover, appellant does not deny that the jury inspected the premises at a time less favorable to appellee and more favorable to appellant than would have been a view of the premises at the same time of day as when the injury was sustained.

Accordingly, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CELEBREZZE, W. BROWN, SWEENEY and LOCHER, JJ., concur.