[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ACCELERATED
 OPINION
Plaintiffs-appellants, Carolyn and Leo Ferguson, filed a complaint against defendants-appellees, Eastwood Mall, Inc., the Cafaro Company, Landscape Forms, Inc., and several John Does, alleging that Carolyn was severely injured by the negligence of appellees "in failing to properly install, maintain, and supervise the use of, certain seating benches" located in the Eastwood Mall. Leo Furguson asserted a claim for loss of his wife's consortium.
Plaintiff Community Mutual Insurance Co., which insured the Fergusons, was joined as a necessary party-plaintiff, and its complaint alleged that "[o]n or about March 5, 1993, Plaintiff's insured, while a business invitee of Defendant Eastwood Mall, Inc. on the above stated premises, was caused to fall backwards while resting on a bench due [to] a defective condition and negligent design, construction, maintenance, and operation of the bench." As a result, the insurance company paid $12,933.73 for Carolyn's medical expenses.
The trial court granted summary judgment to each of the three defendants, and the Fergusons have appealed. However, they only challenge the court's judgment as it relates to one of the three appellees, asserting in their assignment of error: "the trial court erred in granting Eastwood Mall's motion for summary judgment." We agree.
In its motion for summary judgment, Eastwood Mall argued that the bench was not in a defective condition because there was no visible defect. It supported its motion with excerpts from Carolyn Ferguson's deposition, wherein she testified that she saw nothing wrong with the bench but that, after sitting near its right end, the bench tipped up and she fell onto the floor.
That Carolyn Ferguson did not perceive the danger in the bench does not mean there was no dangerous condition on the premises. Whether the bench was dangerous is a factual matter depending on a jury's determination that the combination of its size, shape, and color fools an onlooker into believing it was made of some sturdy material, like concrete, when in fact it was made of a light fiberglass. If the jury adopts the Fergusons' argument and finds that the bench was dangerous because of these characteristics, the fact that the danger was latent actually triggers the mall's duty to do something about it. Christenson v. Palcho (June 30, 1995), Portage App. No. 94-P-0137, unreported.
Eastwood Mall also argued in its motion for summary judgment that it could not be held liable because it had no actual
knowledge of any latent or concealed defect in the bench. In support, the mall submitted its answers to appellants' interrogatories where it stated there were twenty-four of these benches in continuous use since 1969 and there had been no previous incidents similar to Carolyn Ferguson's accident.
The Supreme Court has held:
 "We disagree with appellant's contention that an invitee must demonstrate that a peril was actually known to the owner of [the] premises. The better view is that once the evidence establishes that a dangerous condition existed, and that it is a condition about which the owner should have known, evidence of actual knowledge on his part is unnecessary.
 "`The occupier is not an insurer of the safety of invitees, and his duty is only to exercise reasonable care for their protection. But the obligation of reasonable care is a full one, applicable in all respects, and extending to everything that threatens the invitee with an unreasonable risk of harm. The occupier must not only use care not to injure the visitor by negligent activities, and warn him of latent dangers of which the occupier knows, but he must also inspect the premises to discover possible dangerous conditions of which he does not know, and take reasonable precautions to protect the invitee from dangers which are foreseeable from the arrangement or use. * * *' Prosser on Torts (4 Ed.), 392-393 (1971)." (Emphasis added.) Perry v. Eastgreen Realty Co.
(1978), 53 Ohio St.2d 51, 52.
One commentator has explained the point as follows:
 "The major difference between the possessor's duty to licensees and his duty to invitees relates to the requisite state of mind of the possessor. The licensee, in order to recover, must show that the possessor actually knew, or had reason to know, of the existence of an unreasonably dangerous condition on the premises. The invitee, on the other hand, need establish only that the exercise of due care would have led the possessor to discover the hazard.
 "Therefore, the possessor has an affirmative duty to an invitee to inspect his premises and seek out conditions that may involve an unreasonable risk of harm to the invitee. He cannot wait for defects to come to his attention before the law obliges him to act; he must take action to obtain knowledge of dangerous conditions.
 "The possessor will be found to have breached his duty to an invitee whenever a reasonable person, in his position, would have discovered and remedied the condition in the exercise of due care. Hence, the possessor is chargeable with information a reasonable inspection would have revealed and this constructive knowledge may be sufficient to give rise to a further duty of due care on his part to issue warnings or otherwise make the premises reasonably safe." (Footnotes omitted.) Page, The Law of Premises Liability (1988) 86, Section 4.8.
See, also, Stine Spring v. Natorp Garden Stores, Inc. (Apr. 24, 1998), Hamilton App. No. C-970326, unreported, 1998 Ohio App. LEXIS 1698; McKinney v. Walterhouse (Jan. 21, 1992), Crawford App. No. 3-90-27, unreported, 1992 Ohio App. LEXIS 285.
As the possessor of the premises, Eastwood Mall had the affirmative duty to undertake reasonable inspections of the mall concourses and to examine the benches and ensure that they did not constitute a danger to its invitees. If Carolyn Ferguson can show a reasonable inspection would have revealed the benches in question were dangerous, Eastwood Mall will be charged with knowing that information. If in light of that information a reasonable person would have taken steps to protect patrons, Eastwood Mall will be liable for not doing so.
The mall's arguments, while factually correct, were irrelevant to the ultimate question of its liability for Carolyn Ferguson's injuries. Despite the danger in the bench being latent, and despite the absence of the mall's actual knowledge of the danger, there still remained genuine issues of material fact that necessitated a trial.
Summary judgment for appellee, Eastwood Mall, Inc., is reversed, and the cause is remanded for further proceedings. _______________________ JUDGE ROBERT A. NADER
CHRISTLEY, P.J., dissents with dissenting opinion,
CACIOPPO, J., Ret., Ninth Appellate District, sitting by assignment, concurs.
 DISSENTING OPINION