I respectfully dissent from the opinion of the majority on the basis of their conclusion that a material issue of fact exists as to appellees liability. My problem with their reasoning is that I find nothing in the evidentiary materials submitted in this summary judgment exercise which demonstrates the dangerous condition that the defendant was suppose to discover through inspection. Thus, although there is evidence of duty and damage, I find no evidence of a breach of duty or proximate cause.
The facts of this case show that an accident happened. While we know what happened, no one has yet offered an iota of evidence which indicates why this accident happened. There is no dispute that appellee, as possessor, had a duty to appellant, a business invitee. However, in pursuing a cause of action in negligence, pursuant to Perry v. Eastgreen Realty Co. (1978), 53 Ohio St.2d 51, the evidence must establish "that a dangerous condition existed, and that it is a condition about which the owner should have known * * *." Id. at 52.
I fail to find any evidence which indicates what the dangerous condition or defect was and how appellee should or could have discovered it. There is nothing beyond the incident at issue which indicates that this bench or the other similar benches constituted a dangerous condition. There was no evidence that the benches were unsuitable for public use; there was, to the contrary, evidence that these bench(es) had been in use for approximately twenty-five years without any incident of which appellee's employees or management had notice. Indeed, there was uncontradicted evidence that the bench(es) were in conformance with all governmental and industry standards. There was no evidence as to the size of Carolyn Ferguson and the maximum capacity of the benches. The fact that the fiberglass bench(es) resembled concrete benches is irrelevant unless it was shown that they were otherwise unsuitable or unsafe for public seating purposes.
It is black letter law that the possessor of a business premises is not an insurer for any harm which befalls the business invitee. Paschal v. Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203. The mere fact that there was an accident does not create a res ipsa loquitur or absolute liability situation. That is not the duty imposed on the possessor of a business premises. Per Paschal at 203, "[a] shopkeeper owes business invitees a dutyof ordinary care in maintaining the premises in a reasonably safe condition so that its customers are not unnecessarily and unreasonably exposed to danger." (Emphasis added.) See, also,Kulasa v. Pufferbelly Ltd. (Dec. 9, 1994), Portage App. No. 94-P-0025, unreported, 1994 Ohio App. LEXIS 5533.
The occurrence of this incident does not equate to the existence of an unreasonably dangerous condition about which appellee could or should have known. There was simply no evidence of any material fact which demonstrated that appellee should have known or should have been on notice that the bench(es) constituted a dangerous condition, through either their design, installation, maintenance, or use.
I, therefore, on that basis dissent from the opinion of the majority and would affirm the summary judgment of the trial court in favor of appellee. _____________________________________ PRESIDING JUDGE JUDITH A. CHRISTLEY