OPINION
This case arises from a dispute over repairs defendants-appellees Clarence Devore d/b/a Clancey's Rebuilding and Lester E. Huffman performed on Plaintiff-appellant Mary A. White's automobile, a 1977 Chevrolet Caprice Classic. The car had been driven approximately 168,400 miles and was nearly twenty-one years old. In the late spring of 1997, Ms. White became aware that the car required significant engine work, and contacted appellee Devore to rebuild the engine in her car. Mr. Devore observed the engine running and estimated that the repair would cost approximately $850.00. He also advised her to contact and hire appellee Huffman to remove the engine and replace it after it had been rebuilt.
Mr. Huffman advised Ms. White that he would charge $175.00 plus parts to remove and reinstall the engine. Ms. White hired him and Mr. Huffman removed the engine, which was taken to Mr. Devore's shop to be repaired. In the course of his repair of the engine, Mr. Devore apparently determined that the engine block was not worth repairing. He replaced it with a different engine block from a 1982 Chevrolet of the same model, and upon returning the engine to Mr. Huffman for reinstallation notified him of this fact. However, Mr. Devore did not notify Ms. White of the substitution of the engine block, and Ms. White was not charged for the new block.
While there is conflicting testimony on this issue, it appears that the only significant difference between the two engine blocks is the location of the crankcase dipstick. However, Ms. White alleges that she had previously informed Mr. Devore that she intended to restore the vehicle, and that Mr. Devore had understood that a restoration would require the use of all original parts from the same model year of the car (1977). Mr. Devore disputes this, and claims he was never advised of Ms. White's desire to restore the car and was not instructed to rebuild the engine to restoration standards. The two parties also are in dispute as to the value of the car; Ms. White testified she believed the car was worth approximately $20,000, but the appellees' expert testified it was only worth about one hundred fifty dollars.
At some point after Ms. White retrieved the car from Mr. Huffman, she observed that the crankcase dipstick was no longer on the same side of the engine. She complained to Mr. Huffman, who informed her that Mr. Devore had replaced the engine block. Ms. White exclaimed that Mr. Devore had stolen her engine. Mr. Huffman told Ms. White to contact Mr. Devore. However, she made no attempt to do so. Instead, she filed the instant lawsuit, alleging that the car was not returned within the time promised, that the new engine was not in good working order, that the original engine had not been rebuilt as promised, that no parts had been returned to her, that the both Mr. Devore and Mr. Huffman had charged amounts greater than their estimates, and that the installation of the substitute engine block had substantially decreased the value of the automobile.
The complaint alleged that these actions constituted breach of contract, conversion, and fraud. No allegation was made either in the complaint or at trial that the appellees' actions were in violation of the Consumer Sales Practices Act, and Ms. White's attorney did not request a jury instruction as to the application of the act. The jury unanimously found for the appellees on all of the allegations in the complaint. Ms. White now appeals the jury verdict of the Municipal Court of Marion County, and asserts three assignments of error with the trial court's judgment.
 The trial court erred at the trial of the within action when it failed to sustain the objection of appellant, at page 101 of the transcript, beginning at line 8, that appellees' expert witness be precluded from testifying since (1) his identity was not made known to appellant's counsel prior to trial; (2) he testified outside, in the presence of the jury, at the jury view of the car; (3) his testimony was mostly about the condition of the car generally and its value neither of which are relevant to the misrepresentation claim of appellant.
 The trial court erred at the trial of the within action when it failed to instruct the jury on applicable sections of the Consumer Sales Practices Act, Sections 1345.01, et seq., Ohio Revised Code, and the Rules promulgated by the Attorney General by authority granted therein; specifically, Section 1345.02 of the statutory scheme and Section 109:4-3-13(A) and (C)(5), (9), (12) and (13), Ohio Administrative Code.
 The trial court erred at the trial of the within action when it sustained the objection of appellees, at page 26 of the transcript, beginning at line 4, that certain trustworthy Chevrolet trade manuals be excluded from evidence which manuals would have confirmed by serial numbers that the engine block installed by appellees was not the engine block which was in appellant's car when she first brought it to appellees for repairs which is contrary to the oral contract of repair entered into and the representation made to appellant prior to her obligating herself for payment of any repairs.
For the sake of clarity, we will address appellant's arguments in reverse order. Appellant's third assignment of error argues that the court incorrectly excluded evidence from Chevrolet trade manuals. However, as appellees correctly observe, the appellant failed to proffer any evidence on this point into the record, and has thus waived any error caused by the trial court's exclusion of the manuals. See Evid.R. 103(A)(2). Moreover, our review of the trial record also reveals that the manuals were never authenticated as required by Evid.R. 901. Additionally, a review of the testimony and the objection colloquy as well as appellant's own statement of this assignment of error indicate that the evidence appellant attempted to admit from the manuals was unquestionably hearsay.
Unlike the federal courts, Ohio has no "learned treatise" exception to the hearsay rule, see, e.g., Price v. Cleveland Clinic Foundation (1986), 33 Ohio App.3d 301, 307, and evidence from the manuals that "would have confirmed by serial numbers that the engine block installed by appellees was not the engine block which was in appellant's car when she first brought it to appellees for repairs" (as appellant's assignment of error phrases it) does not fit within any other hearsay exception under the Ohio Rules of Evidence. Finally, we note that the change of engine block was never contested in any event. We therefore overrule this assignment of error.
Appellant's second assignment asserts that the court erred by failing to instruct the jury regarding the Consumer Sales Practices Act, R.C. 1345.01, et seq., and associated sections of the Ohio Administrative Code. In addressing this assignment of error, we need only note that appellant has raised this argument for the first time on appeal. The complaint in this action did not allege a violation of the Consumer Sales Practices Act, and appellant's trial counsel did not request a jury instruction as to the applicability of the act. Appellant has thus waived all but plain error associated with the trial court's failure to give the instruction.
 On appeal, a party may not assign as error the giving or the failure to give any instruction unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection. Opportunity shall be given to make the objection out of the hearing of the jury.
Civ.R. 51(A). Despite the rule's clear language, appellant argues that we should reverse on this assignment of error because the evidence so clearly implicates the Consumer Sales Practices Act that the court's failure to instruct the jury on the act is plain error. However, the plain error doctrine is rarely utilized in civil matters, and only to prevent a manifest miscarriage of justice. See, e.g., Cleveland Electric Illuminating Co. v. Astorhurst Land Co. (1985), 18 Ohio St.3d 268, 275.
Upon review of the record, it does not appear that the trial court's failure to give instructions as to the Consumer Sales Practices act resulted in a manifest miscarriage of justice. As such, we decline to apply the plain error doctrine and therefore overrule this assignment of error.
Appellant's first assignment asserts that the trial court erred by allowing an expert to testify on behalf of the appellees. Appellant asserts three issues regarding the testimony of the expert. We will address each issue separately.
First, appellant argues that because she was not notified of the expert's identity until four days before trial, his testimony should have been excluded. However, appellees' pretrial statement, filed two weeks prior to trial, states that appellees intended to call an expert witness to testify "as to the market value of the Plaintiff's car and to address the questions of the alleged engine replacement, originality of the engine, condition, restoration value of the vehicle [sic]." The pretrial statement provided appellant sufficient notice that an expert might testify and also the subjects of that testimony, and we can perceive no prejudice to appellant merely because she was not provided with the expert's name until four days prior to trial.
Appellant also argues that it was error to allow the expert to testify outdoors during a jury view of the appellant's automobile. This argument is without merit. Even assuming that this situation falls under R.C. 2315.02 (the jury view statute), the expert's sworn testimony was used to illustrate and explain specific issues relating to the car that were relevant to the jury's decisions. The jury's view of the automobile alone was insufficient to establish these facts as evidence, and allowing the expert to testify on these matters was appropriate. Cf. Perry v. Eastgreen Realty Co. (1978), 53 Ohio St.2d 51, 55.
Finally, appellant argues that the expert's testimony as to the condition and value of the car should have been excluded as irrelevant to the issue of whether a misrepresentation was made by the appellees. However, as no objection was made to any of the expert's testimony on these issues, this argument is not preserved for our review. Evid.R. 103(A)(1). Moreover, the expert's testimony was clearly relevant to establish that appellant could not show damages as a result of any alleged misrepresentation by the appellees. Appellant made no attempt to bifurcate the trial between liability and damages, and we cannot say that the trial court erred by allowing appellees to present expert testimony on the issue of damages. Accordingly, appellant's first assigned error is overruled. For the foregoing reasons, the appellant's three assigned errors are overruled, and the judgment of the Municipal Court of Marion County is affirmed.
Judgment affirmed.
HADLEY and WALTERS, JJ., concurs.