OPINION.
Appellant, Jesse Branham, appeals a judgment of the Court of Common Pleas of Paulding County, granting summary judgment in favor of Appellee, Bruce Moore. For the reasons that follow, we affirm the judgment of the trial court.
This appeal stems from a negligence action brought by Appellant to recover monetary damages for injuries sustained while cutting down a tree on Appellee's property. The parties in this matter are adjoining landowners. Prior to the incident in question, the parties resided next to each other for approximately fifteen months. During that time, Appellant assisted Appellee with chores on several occasions, including removing leaves from Appellee's gutters and reattaching a door to his home. Each time, Appellant offered his services without expecting compensation in return.
In July of 1998, Appellee informed Appellant that he needed a tree removed from his yard. In exchange for Appellant's services, Appellee promised Appellant that he could use the tree for firewood. Other than Appellee's promise, Appellant did not expect to be compensated for the work. Thereafter, Appellee and Appellant walked through Appellee's yard, at which time Appellee pointed out exactly what he wanted removed. On July 29, 1998, Appellant returned to Appellee's yard with a chainsaw to remove the tree. While attempting to complete the task, however, Appellant was injured when a limb he cut fell on a pile of materials stacked beside the tree and snapped back against his leg.
On September 8, 1999, Appellant filed the current action against Appellee, arguing that Appellee negligently stacked pallets of wood, lumber and metal fence posts beside the tree, thus, creating a dangerous and defective condition that caused his injuries. Appellee subsequently moved for summary judgment on April 6, 2000. On May 31, 2000, the trial court granted the motion, holding that Appellee did not breach a duty of ordinary care to maintain his premises in a safe condition and that the pallets of wood, lumber and fence posts were open and obvious to Appellant.
On June 30, 2000, Appellant timely appealed the trial court's grant of summary judgment. Thereafter, on July 31, 2000, Appellee moved to dismiss the appeal, arguing that Appellant violated Rule 16 of the Ohio Rules of Appellate Procedure by failing to set forth a specific assignment of error in his brief. In a Journal Entry filed August 28, 2000, this Court denied Appellee's motion to dismiss the appeal, holding that it is reasonably possible to determine the assignment of error alleged by Appellant. Accordingly, Appellant's appeal follows.
It is well settled that when reviewing a grant of summary judgment, an appellate court reviews the judgment independently and without any deference to previous determination by the trial court. MidwestSpecialties, Inc. v. Firestone Tire Rubber Co. (1988), 42 Ohio App.3d 6. The standard of review in this court is de novo. AAAA Enterprises, Inc.v. River Place Community Urban Redevelopment Corp. (1990),50 Ohio St.3d 157. It is axiomatic that a court is without authority to grant summary judgment unless it can be demonstrated that:
 (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.
Temple v. Wean United (1977), 50 Ohio St.2d 317, 327; Civ.R. 56(C).
Appellant argues that based on the parties' deposition testimony, thereis a genuine issue of material fact concerning whether Appelleenegligently stacked pallets of wood, lumber and fence posts beside thetree. Appellee, however, maintains that the trial court correctly foundthat he did not breach a duty of ordinary care to maintain his premisesin a safe condition based on the fact that the materials were open andobvious to Appellant. Therefore, there is no genuine issue of materialfact regarding negligence.
The Supreme Court of Ohio has held that in order to establish actionable negligence, "one must show the existence of a duty, a breach of the duty, and an injury resulting proximately therefrom." Jeffers v.Olexo (1989), 43 Ohio St.3d 140, 142, quoting DiGildo v. Caponi (1969),18 Ohio St.2d 125. "Only when one fails to discharge an existing duty can there be liability for negligence." Jeffers, at 142.
"Under the law of negligence, a defendant's duty to a plaintiff dependsupon the relationship between the parties and the foreseeability of injuryto someone in the plaintiff's position." Simmers v. Bentley Constr. Co.(1992), 64 Ohio St.3d 642, 645, citing Huston v. Konieczny (1990),52 Ohio St.3d 214, 217. With respect to duty classifications, "Ohioadheres to the common-law classifications of invitee, licensee, andtrespasser in cases of premises liability." Gladon v. Greater ClevelandRegional Transit Auth. (1996), 75 Ohio St.3d 312, 315, citing Shump v.First Continental-Robinwood Assoc. (1994), 71 Ohio St.3d 414, 417.
"In Ohio, the status of the person who enters upon the land of another (i.e., trespasser, licensee, or invitee) continues to define the scope of the legal duty that the landowner owes the entrant." Gladon, at 315, citing Shump, at 417. Appellee concedes in his brief that Appellant's status was that of an invitee when he was injured. "In tort law, an `invitee' means a business visitor, that is, one rightfully on the premises of another for purposes in which the possessor of the premises has a beneficial interest." Scheibel v. Lipton (1951), 156 Ohio St. 308, at paragraph one of the syllabus. See, also, Gladon, at 315. As such, property owners owe invitees the highest of duties. Zenisek v. Haycook
(Jan. 27, 1994), Marion App. No. 9-93-39, unreported.
Recently, in Kraner v. Legg (June 29, 2000), Mercer App. No. 10-2000-04,this Court addressed a premises liability issue involving a businessinvitee. Therein, we stated that "a business owner must adhere to a dutyof ordinary and reasonable care for the safety of its invitees, thus, anobligation exists to keep the premises in a reasonably safe condition."Id., citing Perry v. Eastgren Realty Co. (1978), 53 Ohio St.2d 51, 53.We also stated that "[w]hile the law does not require the business ownerto act as an insurer of the safety of its invitees, there is a duty towarn of known latent dangers." Kraner, citing Perry, at 52.
"Notwithstanding this general rule, an owner is under no duty to protect business invitees from dangers `* * * which are known to such invitee or are so obvious and apparent to such invitee that he [or she] may reasonably be expected to discover them and protect himself [or herself] against them.'" Kraner, quoting Sidle v. Humphrey (1968),13 Ohio St.2d 45, at paragraph one of the syllabus. This exception to the general rule is commonly known as the "open and obvious" doctrine. "The rationale behind the doctrine is that the open and obvious nature of the hazard itself serves as a warning." Simmers, supra, at 644. "Thus, the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves." Id. See, also, Kraner, supra.
The trial court found, and we agree, that the pallets of wood, lumber and fence posts stacked beside the tree on Appellee's property posed a potential hazard that was open and obvious. Appellant's deposition testimony demonstrates that he saw the materials stacked beside the tree two weeks prior to the incident when he walked around Appellee's yard. Appellant testified that he also saw the materials immediately before he began cutting the tree on the date of the incident. Appellant acknowledged that the materials were open and obvious and did not pose a dangerous situation when he began cutting the tree limbs. Finally, Appellant's deposition testimony demonstrates that he was experienced with cutting down trees and operating a chainsaw. In addition to the deposition testimony, there are several photographs in the record demonstrating the open and obvious nature of the materials stacked beside the tree.
Because we find from the evidence that the presence of the materials beside the tree posed a potential hazard that was open and obvious, Appellee did not breach a duty of ordinary care. Without establishing the existence of a duty, Appellant cannot sustain an actionable cause of negligence against Appellee. Therefore, the trial court correctly granted Appellee's motion for summary judgment.
Accordingly, Appellant's assignment of error is not well taken and is therefore overruled.
Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, we hereby affirm the judgment of the trial court.
 __________________________ WALTERS, J.
 HADLEY, P.J., and BRYANT, J., concur.