OPINION
{¶ 1} Mary C. Hobart ("appellant") appeals the August 27, 2002 decision of the Trumbull County Common Pleas Court. In that decision, the trial court granted the City of Newton Falls' ("appellee") motion for summary judgment. For the following reasons, we affirm the decision of the trial court in this matter.
 {¶ 2} The following facts are taken from appellant's deposition. Appellant was employed by the Trumbull County Office of Elderly Affairs. Since 1998, as an employee of Trumbull County, appellant has run an activities and meal program for senior citizens at the Newton Falls Community Center. Each day when entering and exiting the building, appellant would walk up and down a small set of three concrete stairs. On February 14, 2000, while returning to her car, appellant fell on the concrete stairs, suffering injuries to her knee and shoulder. On January 18, 2001, appellant filed a negligence action against appellee seeking compensation for her injuries. In her complaint, appellant alleged that a chip in the middle step caused her to fall down and sustain the above-mentioned injuries. Appellant claimed that appellee breached its duty to keep the stairs in good repair under R.C. 4101.11 and 4101.12. Following substantial discovery, appellee filed its motion for summary judgment on July 5, 2002. On August 27, 2002, the trial court granted appellee's motion for summary judgment. This timely appeal followed. Appellant asserts the following assignment of error for our review:
 {¶ 3} "The trial court erred to the prejudice of the plaintiff by granting defendant, City of Newton Falls' motion for summary judgment."
 {¶ 4} On appeal, a reviewing court conducts a de novo review of a trial court's summary judgment entry. Grafton v. Ohio Edison Co.,77 Ohio St.3d 102, 105 1996-Ohio-336. A de novo review requires an independent review of the trial court's decision without any deference to it. Andrews v. Carmody (2001), 145 Ohio App.3d 27, 31. Summary judgment is a procedural device designed to avoid a formal trial when there is nothing left to litigate. Norris v. Ohio Std. Oil Co. (1982),70 Ohio St.2d 1, 2. Civ.R. 56(C) provides that summary judgment is proper when (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence, viewing the evidence most strongly in favor of the non-moving party, that reasonable minds can come to but one conclusion, which is adverse to the non-moving party. SeeZivich v. Mentor Soccer Club, Inc., 82 Ohio St.3d 367, 369-370,1998-Ohio-389.
 {¶ 5} Once a moving party satisfies their burden of supporting their motion for summary judgment with sufficient and acceptable evidence pursuant to Civ.R. 56(C), Civ.R. 56(E) provides that the non-moving party may not rest upon allegations or denials of the moving party's pleadings. Rather, the non-moving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine issue" exists to be litigated for trial. State ex rel. Zimmerman v.Tompkins, 75 Ohio St.3d 447, 449, 1996-Ohio-211. A "genuine issue" exists when a reasonable jury could return a verdict for the non-moving party based upon the evidence. Anderson v. Liberty Lobby, Inc. (1986),477 U.S. 242, 248. The principal purpose for Civ.R. 56(E) is to allow the court to analyze the evidence in order to determine whether there exists an actual need for a formal trial. Ormet Primary Aluminum Corp. v.Employers Ins. of Wausau, 88 Ohio St.3d 292, 300, 2000-Ohio-330.
 {¶ 6} In order to establish an actionable claim for negligence, appellant must demonstrate: (1) that appellee owed a duty to appellant; (2) that appellee breached that duty; (3) that appellee's breach of duty directly and proximately caused appellant's injury; and (4) damages.Chambers v. St. Mary's School (June 27, 1997), 11th Dist. No. 96-G-2013, 1997 Ohio App. LEXIS 2823, *10, citing Sedar v. Knowlton Constr. Co.
(1990), 49 Ohio St.3d 193, 198. The existence of a duty in a negligence action is a question of law for the court to determine. Maky v.Patterson, Inc. (July 5, 1996), 11th Dist. No. 96-G-1962, 1996 Ohio App. LEXIS 3002, *5-6, citing Mussivand v. David (1989), 45 Ohio St.3d 314,318.
 {¶ 7} Appellant argues that appellee had a statutory duty to "maintain its premises in a reasonably safe condition" under the common law, R.C. 4101.11 and R.C. 4101.12. We disagree with appellant.
 {¶ 8} Appellant's argument that appellee had a duty under R.C.4101.12 fails because R.C. 4101.12 governs the "duty of an employer to furnish a safe place of employment." The record in this case is clear that appellant was not an employee of appellee's and as a result, appellant is barred from bringing an action under R.C. 4101.12.
 {¶ 9} As to R.C. 4101.11, also known as the "frequenter" statute, various courts in Ohio have held that R.C. 4101.11 is no more than acodification of the common-law duty owed by the owner or occupier ofpremises to business invitees to keep his premises in a reasonably safecondition and to give warnings of latent or concealed perils of which hehas, or should have, knowledge. Kraner v. Legg, (June 29, 2000), 3rdDist. No. 10-2000-04, 2000-Ohio-1907, 2000 Ohio App. LEXIS 2928, *9,citing Westwood v. Thrifty Boy (1972), 29 Ohio St.2d 84, 86-87.
 {¶ 10} In this case, there is no dispute that appellant could be classified as a "frequenter" under R.C. 4101.11, or as a "business invitee" under the common law. Generally, a business owner must adhere to a duty of ordinary and reasonable care for the safety of its invitees; thus, an obligation exists to keep the premises in a reasonably safe condition. Perry v. Eastgreen Realty Co. (1978), 53 Ohio St.2d 51, 53. While the law does not require the business owner to act as an insurer of the safety of its invitees, there is a duty to warn of known latent dangers. Id. at 52. Notwithstanding this general rule, an owner is under no duty to protect business invitees from dangers "* * * which are known to such invitee or are so obvious and apparent to such invitee that he [or she] may reasonably be expected to discover them and protect himself [or herself] against them." Sidle v. Humphrey (1968), 13 Ohio St.2d 45, paragraph one of the syllabus. This exception is commonly referred to as the "open and obvious" doctrine. "The rationale behind the doctrine is that the open and obvious nature of the hazard itself serves as a warning, and that the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves." Anderson v. Ruoff (1995),100 Ohio App.3d 601, 604, citing Simmers v. Bentley Constr. Co. (1992),64 Ohio St.3d 642, 644.
 {¶ 11} Appellant attempts to argue that the "open and obvious" doctrine has been either "eliminated or greatly limited" by the Supreme Court of Ohio in Texler v. D.O. Summers Cleaners and Shirt Laundry Co.
(1998), 81 Ohio St.3d 677. However, the Supreme Court of Ohio's recent decision in Armstrong v. Best Buy Co., Inc., 99 Ohio St.3d 79,2003-Ohio-2573, syllabus, states: "The open and obvious doctrine remains viable in Ohio. Where a danger is open and obvious, a landowner owes no duty of care to individuals lawfully on the premises. Sidle v. Humphrey
(1968), 13 Ohio St.2d 45, approved and followed." See, also, Ward v.Wal-Mart Stores, Inc., 99 Ohio St.3d 210, 2003-Ohio-3138; Wike v. GiantEagle, Inc., 11th Dist. No. 2002-P-0049, 2003-Ohio-4034, ¶ 13 n. 3.
 {¶ 12} After a review of the facts in a light most favorable to appellant, we conclude that there is no genuine issue of material fact and that appellee is entitled to judgment as a matter of law. The nonconformity of the middle step was an open and obvious condition, which was not unreasonably dangerous. Appellee did nothing to conceal the condition of the concrete stairs. The record indicates that patrons of the community center had used the stairs for many years without incident. Appellant also testified that she had used the same stairs on a regular basis for at least two years without prior incident. At the time of the accident, it was morning, there was ample daylight, and there were no obstructions on the stairs. Appellant is charged with knowledge of the condition of the stairs. She cannot maintain that the imperfections were so unreasonably dangerous and yet so insubstantial as to go unnoticed during her years of use. See Baldauf v. Kent St. Univ. (1988),49 Ohio App.3d 46, 49; Kornowski v. Chester Properties, Inc. (June 30, 2000), 11th Dist. No. 99-G-2221, 2000 Ohio App. LEXIS 3001, *13; Maky, 1996 Ohio App. LEXIS 3002 at *8-*9.
 {¶ 13} Based on the above, we conclude that appellee owed no duty to appellant as a matter of law. We hold appellant's sole assignment of error is without merit. The trial court's decision granting summary judgment to appellee is hereby affirmed.
Judgment affirmed.
DONALD R. FORD, P.J., JUDITH A. CHRISTLEY and DIANE V. GRENDELL, JJ., concur.