JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Plaintiffs-appellants James and Denise Shorten appeal from the trial court's entry of summary judgment in favor of defendants-appellees Clear Channel Communications, Inc., SFX/NEDCO, Inc., and the Cincinnati Symphony Orchestra ("Clear Channel"). Because we conclude that their sole assignment of error is without merit, we affirm the judgment of the trial court.
On August 27, 2001, while leaving Riverbend Music Center after a concert, James Shorten fell and injured his leg. Shorten filed a suit against defendants-appellees, which owned and operated the venue. Shorten alleged that he fell because the path upon which Clear Channel allowed concertgoers to exit the venue was steeply sloped. Shorten further alleged that Clear Channel was negligent because it had failed to blockade the area where he had received his injuries, had failed to provide a reasonable means of egress for concertgoers, had failed to provide proper lighting, and had failed to warn concertgoers of the dangerous condition. The trial court granted Clear Channel's motion for summary judgment. In his sole assignment of error, Shorten now asserts that the trial court erred in granting summary judgment. We conclude that the assignment of error is without merit.
Summary judgment may only be granted when, after construing the evidence most strongly in favor of the nonmoving party, "reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made * * *."[1] This court reviews the granting of summary judgment de novo.[2]
"In order to establish actionable negligence, three essential elements must be shown: (1) a duty to protect another from foreseeable injury; (2) a breach of or failure to discharge such duty; and (3) an injury to such other proximately resulting from that failure or breach."[3] As Shorten was a business invitee of Clear Channel, Clear Channel owed him a duty to take reasonable precautions to protect him from foreseeable dangers on its premises.[4] In his affidavit, Shorten stated that the area where he and other concertgoers had exited was "very steep." Other than this statement, no evidence was presented regarding the extent to which the area sloped. Further, no evidence was presented that other concertgoers had fallen in the area in the past. We conclude that the record did not demonstrate that the slope of the area created a foreseeable risk of danger from which Clear Channel had a duty to protect Shorten. Accordingly, summary judgment was proper. The sole assignment of error is not well taken.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgement Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Gorman and Sundermann, JJ.
[1] Civ.R. 56(C).
[2] Jorg v. Cincinnati Black United Front,153 Ohio App.3d 258, 2003-Ohio-3668, 792 N.E.2d 781, at ¶ 6, jurisdictional motion overruled, 100 Ohio St.3d 1471, 2003-Ohio-5772,798 N.E.2d 406.
[3] Sedar v. Knowlton (1990), 49 Ohio St.3d 193, 198,551 N.E.2d 938.
[4] Perry v. Eastgreen Realty Co. (1978), 53 Ohio St.2d 51, 52, 372 N.E.2d 335.