OPINION
{¶ 1} Jack W. Sewell and his wife, Leonore Sewell, filed a complaint for personal injuries against Meijer, Inc. for damages he suffered as a result of a fall in its store in Springfield, Clark County, Ohio. Their sole assignment of error on appeal is that:
 {¶ 2} "The trial court erred in granting summary judgment in favor of the defendant in that plaintiff has provided evidence sufficient to establish a genuine issue of fact as to the defendant's creation/perpetuation of the subject hazard."
 {¶ 3} The facts of the case and the findings of the trial court, together with the reasoning of its decision finding summary judgment for the defendants are set forth in its entry, as follows:
 {¶ 4} "This cause came to be heard on the motion of the Defendant, Meijer Stores Limited Partnership (Meijer), for summary judgment granting the dismissal of this action.
 {¶ 5} "The Court finds that the parties have been timely notified that the motion came on for non-oral hearing, and that the parties have filed their respective responses.
 {¶ 6} "The complaint alleges that the defendant has breached its duty to the Plaintiff by failing to maintain its premises in a reasonably safe condition, to inspect its premises in a manner designed to discover dangerous and hazardous conditions, and to warn the Plaintiff of a dangerous and hazardous condition.
 {¶ 7} "In deciding a Motion for Summary Judgment, Civil Rule 56(C) provides that before summary judgment may be granted, it must be determined that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that the reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.
 {¶ 8} "Once the moving party has presented some specific evidence which affirmatively demonstrates that the non-moving party has no evidence to support their claim, then the non-moving party has the burden to show that there is a genuine issue of material fact. Dresher v. Burt
(1996), 75 Ohio St. 3d 280.
 {¶ 9} "The Court having considered the evidence and arguments of counsel, finds that there are no genuine issues as to any material facts. Based upon the admissible documents submitted as exhibits with the parties' motions, the Court finds the following facts:
 {¶ 10} "1. The Defendant is a corporation existing under the laws of the State of Ohio;
 {¶ 11} "2. Meijer owns and operates owns and operates [sic] a retail store open to the general public and located at 500 Hillcrest Avenue, Springfield, Clark County, Ohio.
 {¶ 12} "3. On September 12, 2001, the Plaintiff entered the Plaintiff's [sic] store for the purpose of purchasing various items.
 {¶ 13} "4. Upon entering the store, the Plaintiff picked up a shopping cart and walked around looking for the items he wished to purchase.
 {¶ 14} "5. The Plaintiff picked up a bottle of cooking oil off of the display shelf and placed it into his cart.
 {¶ 15} "6. The bottle appeared dry, as did the shelf and surrounding bottles. {¶ 16} "7. The Plaintiff had an unobstructed view of the floor, but did not notice anything slippery or in any other way unusual about the condition of the floor.
 {¶ 17} "8. After placing the bottle on its side in the cart the Plaintiff walked away from the cart to look for paper towels.
 {¶ 18} "9. Upon his return to the cart he began to push the cart forward when his feet slipped out from under him and he fell onto his back striking his head on the floor.
 {¶ 19} "10. Plaintiff does not know what he slipped on.
 {¶ 20} "11. He heard others, who arrived at the scene after his fall state opinions that oil was on the floor. Another unknown person stated it looked like the bottle of oil had a cut in it similar to a cut that would be made by a box knife.
 {¶ 21} "12. The plaintiff was removed from the store premises by way of an ambulance.
 {¶ 22} "It is undisputed that at the time of this incident the Plaintiff's status was that of an invitee.
 {¶ 23} "Invitees are defined as `persons who come upon the premises of another, by invitation, express or implied, for some purpose which is beneficial to the owner.' Light vs. Ohio University (1986),28 Ohio St. 3d 66, 68 citing Scheibel vs. Lipton (1951), 156 Ohio St. 308;Leek v. Miller (1998), 1998 Ohio App. Lexis 2030.
 {¶ 24} In the case of Smith v. Doane (1998), 1998 Ohio App. LEXIS 2839, the Court of Appeals of Ohio, Second appellate District, Clark County, discussing the responsibility of the owner of the premises toward the safety of an invitee, cited Perry v. Eastgreene Realty Co. (1978),53 Ohio St. 2d 51 and quoted Prosser on Torts (4 Ed. 1971), 392-393:
 {¶ 25} "The occupier is not an insurer of the safety of invitee's [sic], and his duty is only to exercise reasonable care for their protection. But the obligation of reasonable care is a full one, applicable in all respects, and extending to everything that threatens the invitee with an unreasonable risk of harm. The occupier must not only use care not to injure the visitor by negligent activities, and warn him of latent dangers of which the occupier knows, but he must also inspect the premises to discover possible dangerous conditions of which he does not know, and take reasonable precautions to protect the invitee from dangers which are foreseeable from the arrangement or use. The obligation extends to the original construction of the premises, where it results in a dangerous condition."
 {¶ 26} "In this case, the Court finds no material fact in issue which would show that the Defendant caused the premises to be in an unsafe condition nor knew of any danger to the invitees to its establishment in regards to the condition of the floor, nor that the Defendant neglected to inspect the premises in a reasonable manner, nor that such an inspection would have discovered the dangerous condition. While there may be evidence that the Plaintiff fell as a result of a liquid substance being on the floor of Defendant's store, there is no evidence that the Defendant did anything to cause a dangerous condition to exist in relation to the floor. Further, there is no evidence that the Defendant had any actual or constructive notice of the substance on the floor. Therefore, there is no evidence that the Defendant violated any duty to correct the danger or to warn the Plaintiff of an existing danger.
 {¶ 27} "It is hereby ORDERED that the Defendant's motion for summary judgment be and is hereby sustained.
 {¶ 28} "IT IS FURTHER ORDERED that the case be DISMISSED.
 {¶ 29} "Plaintiffs to pay costs of this action."
 {¶ 30} In their brief on appeal, the plaintiffs suggest that the substance on the floor upon which Mr. Sewell slipped came from the bottle of oil that he had taken off the shelf and put in his shopping cart onits side, that it was damaged somehow and leaked the oil on the floor, which has to be charged against Meijer and one or more of its employees as having damaged the bottle.
 {¶ 31} Had there been facts elicited before the trial court, whether by testimony of Meijer employees or otherwise, that the particular bottle in issue had arrived undamaged at the Meijer's store, but had been placed on its shelf in a damaged condition such that it would leak when placed on its side, this might be a case calling for the application of res ipsa loquitur, since the apparent damage to the bottle must have been caused when it was under the sole control of Meijer and its employees. However, as appellee points out in its brief, the above suggestions are only conjectures, and a surmise of a possible chain of events, which has never been proven or evidence thereon presented in the record. It is not in question that any comments Sewell heard while he was lying on the floor in the market from unknown persons are obviously hearsay and cannot be used as evidence. This court is on record as rejecting a claim based by plaintiff on conjecture as to what caused the plaintiff's fall in defendant's premises. DeVaughn v. City of Dayton (Nov. 8, 2002), Montgomery App. No. 19333, 2002 Ohio 6078. Moreover, the Supreme Court of Ohio has held that where the injury occurred in a public area, no exclusive control by the owner can be established because it is just as reasonable to infer that the customer caused the condition as the store.Price v. Dot's Supermarket (1964), 177 Ohio St. 122.
 {¶ 32} Thus, although facts might have been developed in the record which would bring into play the doctrine of res ipsa loquitur, no such facts were developed and this court has no option but to affirm the well-reasoned opinion of the trial court. Judgment affirmed.
Grady and Donovan, JJ., concur.
(Hon. Frederick N. Young, Retired from the Court of Appeals, Second Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio).