{¶ 22} I respectfully dissent from the majority opinion. As recognized by the majority, Hupp was a business invitee, and appellee owed her the duty to exercise reasonable care to protect her from an unreasonable risk of physical harm. Jackson v. KingsIsland (1979), 58 Ohio St.2d 357.
 {¶ 23} However, I "disagree with [the] contention that an invitee must demonstrate that a peril was actually known to the owner of premises." Perry v. Eastgreen Realty Co. (1977),53 Ohio St.2d 51, 52. "[O]nce the evidence establishes that a dangerous condition existed, and that it is a condition about which the owner should have known, evidence of actual knowledge on his part is unnecessary. `The occupier is not an insurer of the safety of invitees, and his duty is only to exercise reasonable care for their protection. But the obligation of reasonable care is a full one, applicable in all respects, and extending to everything that threatens the invitee with an unreasonable risk of harm. The occupier must not only use care not to injure the visitor by negligent activities, and warn him of latent dangers of which the occupier knows, but he must also inspect the premises to discover possible dangerous conditions of which he does not know, and take reasonable precautions to protect the invitee from dangers which are foreseeable from the arrangement or use. * * *'." Id at 52-53. (Citations omitted).
 {¶ 24} I disagree with the trial court's finding appellants failed to produce any evidence which "affirmatively demonstrates Meijer knew or should have known that the rug display was a hazard against which Meijer had a duty to warn [Hupp]." July 11, 2005 Entry at 3. The evidence in the case sub judice establishes the area rugs were stored, unrestrained, in a vertical fashion on shelving situated from one to four feet off the ground. I find it was foreseeable from the manner in which the area rugs were displayed a rug could fall off of a shelf and injure a store patron. Appellee created the display and, as such, is charged with knowledge of the dangerous condition. Accordingly, I would find the trial court erred in granting summary judgment in favor of appellee, and would sustain appellants' sole assignment of error.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Delaware County, Ohio, is affirmed.
Costs assessed to Appellants.