OPINION.
{¶ 1} The plaintiff-appellant, Mary Kolsto, appeals from the trial court's entry granting summary judgment to the defendants-appellees, Old Navy, Inc., and The Gap, Inc., its parent company, on her claim for personal injuries. In her single assignment of error, Kolsto contends that genuine issues of material fact existed concerning the liability of Old Navy and The Gap for injuries sustained when she slipped and fell on a clear plastic coat hanger on the floor of an Old Navy store. The assignment of error is not well taken.
 {¶ 2} On January 6, 2000, Kolsto was browsing through the racks of children's clothing in the Old Navy store at 7800 Montgomery Road in Hamilton County. She alleged that she slipped and fell on a clear plastic hanger on the floor in the aisle by a clothing rack, injuring her left knee and lower back. She alleged that Old Navy was negligent because it knew or should have known that the use of clear plastic hangers created an unsafe condition for customers due to the hangers' near invisibility if customers dropped them on the store's gray concrete floor. In its written decision, the trial court granted the motion for summary judgment filed by Old Navy and The Gap, stating that (1) Kolsto "was unsure whether she actually slipped due to the hangers," and (2) "she did not see any Old Navy employees working in the area of her fall, before or after she fell."
 {¶ 3} Liability of a business owner for failure to protect a customer from injuries on its premises is generally predicated in Ohio on the owner's superior knowledge of the specific condition that caused the injury. Debbie v. Cochran Pharmacy-Berwick, Inc. (1967), 11 Ohio St.2d 38,227 N.E.2d 603; McGuire v. Sears, Roebuck Co. (1996),118 Ohio App.3d 494, 497, 693 N.E.2d 807. A business owner, however, is not an insurer of the safety of its customers. Paschal v. Rite AidPharmacy, Inc. (1985), 18 Ohio St.3d 203, 204, 480 N.E.2d 474. As a business invitee in this case, Kolsto was owed a duty of ordinary care by Old Navy, which required it to maintain the store premises in a reasonably safe condition and to warn her of unreasonably dangerous latent conditions of which Old Navy had or should have had knowledge.Perry v. Eastreen Realty Co. (1978), 53 Ohio St.2d 51, 53, 372 N.E.2d 335. Old Navy also had a duty to inspect the premises to discover possible unsafe conditions unknown to it, and to take reasonable precautions to protect Kolsto and its customers from dangers that were foreseeable in their use of the premises. Id. at 53, 372 N.E.2d 335; Stinespring v.Natorp Garden Stores, Inc. (1998), 127 Ohio App.3d 213, 216,711 N.E.2d 1104.
 {¶ 4} Old Navy argues that summary judgment in its favor was appropriate because the record contains no evidence of actual or constructive notice. Generally, to establish the liability of a store owner for injuries to a business invitee who allegedly slipped on a substance or item on the floor, the invitee must establish one of the following: (1) that the store owner or its employee put the substance or item on the floor; (2) that the store owner had actual knowledge of the presence of the substance or item on the floor, but failed to remove it or to warn the invitee; or (3) that the substance or item was on the floor long enough for the store owner to have constructive notice of its presence, thus creating a duty to warn invitees or to remove it. Anaplev. Standard Oil Co., (1955), 162 Ohio St. 537, 124 N.E.2d 128; seeCatanzaro v. The Kroger Company (Jan. 11, 1995), 1st Dist. No. C-930761.
 {¶ 5} The essence of Kolsto's claim, however, was that Old Navy had negligently created a dangerous condition on its premises by the use of clear plastic hangers, which when they fell on the gray-colored floor became virtually invisible to customers. This claim was analogous to those in a line of cases in which the invitee sustained an injury by walking into a glass wall or a glass door on the premises. See Perry,
supra; Masi v. Ohio Department of Transportation (1989), 61 Ohio Misc. 398,579 N.E.2d 552. Because Old Navy should have known that clear plastic hangers were nearly invisible when they were dropped by customers or otherwise fell on the gray cement floor of the store, Kolsto contends, Old Navy committed an act of antecedent negligence by selecting a form of hanger that subjected its customers to an unreasonable risk of harm.
 {¶ 6} The burden is upon the party moving for summary judgment to identify "those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of the nonmoving party's claims." Drescher v. Burt, 75 Ohio St.3d 280, 293, 1996-Ohio-107,662 N.E.2d 264. Under Civ.R. 56(C), Kolsto, as the nonmoving party in this case, was entitled to have the evidence and inferences therefrom construed most strongly in her favor. Hounshell v. Am. States Ins. Co.
(1981), 67 Ohio St.2d 427, 433, 424 N.E.2d 311. Questions of credibility are to be resolved only by the trier of facts. Turner v. Turner (1993),67 Ohio St.3d 337, 341-342, 617 N.E.2d 1123. Because the standard for summary judgment is held to mirror the standard for a directed verdict, the evidentiary material must establish that the nonmoving party's claim is more than simply colorable. Celotex Corp. v. Catrett (1986),477 U.S. 317, 323, 106 S.Ct. 2548. Whether a genuine issue of material fact exists depends on whether the evidence presents "a sufficient disagreement to require submission to a jury" or whether it is so "one-sided that one party must prevail as a matter of law."Turner,67 Ohio St.3d at 340, 617 N.E.2d 1123 (citing Anderson v. Liberty Lobby,Inc. [1986], 477 U.S. 272, 251-252, 106 S.Ct. 2505); McGuire, supra, at 500, 693 N.E.2d 807. When the moving party discharges its burden, the nonmoving party has a reciprocal burden to set forth facts that show that a triable issue of fact exists. Mitseff v. Wheeler (1988),38 Ohio St.3d 112, 114-115, 526 N.E.2d 798.
 {¶ 7} In this case, the only evidentiary material that was before the trial court when it decided the motion for summary judgment was Kolsto's deposition and two staged photographs of a clear plastic hanger on the floor of the Old Navy store, which were taken sometime after her fall. In her affidavit attached to her memorandum in opposition to the motion for summary judgment, Kolsto claimed that the hanger in the photograph was "similar or practically identical to the hanger upon which I slipped at the Old Navy [s]tore."
 {¶ 8} In her deposition, Kolsto testified that she was shopping with her daughter at the Old Navy store. As she was examining children's clothing on the racks, she felt herself slipping. She was wearing gym shoes. Her foot slid a distance and she then fell. She said she did not see the hanger before falling, but, immediately thereafter, she saw two clear plastic hangers on the floor a few inches in front of her foot. She did not know how they got there or how long they had been there. Another customer helped her to her feet, and she and her daughter left the store without reporting her fall to anyone.
 {¶ 9} Initially, we reject the trial court's determination that Kolsto's claim was precluded because she admitted that she did not see the hangers on the floor before she fell. She stated that she fell on the clear plastic hanger because she saw two hangers on the floor next to her foot immediately after she fell. We have held that although the invitee may not have seen the substance on the floor before falling, a genuine issue of material fact as to proximate cause may be predicated on circumstantial evidence. See Wesley v. The McAlpin Company (May 25, 1994), 1st Dist. No. C-930286. In Wesley, a business invitee slipped and fell on the marble floor in a shopping mall. Directly after the fall, she detected hair on her coat. We held that evidence of hair on her coat allowed an inference that its presence in the mall was due to an unenclosed beauty salon located adjacent to where the invitee fell. Circumstantial evidence is not inherently less reliable or probative than direct evidence. State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph one of the syllabus.
 {¶ 10} We disagree with Kolsto, however, that the photographs were sufficient visual evidence of a dangerous condition to create, by themselves, issues of negligence and proximate cause. "The mere happening of an accident gives rise to no presumption of negligence, and where one is accidentally injured while he is a business guest upon the premises of another, the burden is upon the person injured to show negligence upon the part of such other before he can recover damages from such other."Parras v. Std. Oil Co. (1953), 160 Ohio St. 315, 116 N.E.2d 300, paragraph one of the syllabus; Catanzano, supra. The burden was on Kolsto to show how and why her injury had occurred by facts from which the trier of fact could determine that Old Navy had failed to exercise reasonable care and that such failure was the proximate cause of her injury. Bolesv. Montgomery Ward Co. (1950), 153 Ohio St. 381, 389, 92 N.E.2d 9;Wesley, supra.
 {¶ 11} Kolsto's theory was, essentially, that her accident would not have happened if the hangers at Old Navy had not been made of clear plastic. But she made no claim that she was looking down at the floor at the time she allegedly slipped on the hanger. If this was the case, in other words if her eyes were not directed downward, but toward the clothes on the rack, it is far from clear whether she would have seen any hanger, even an opaque one. Given her position vis-à-vis the hanger when she allegedly slipped on it, we cannot assume that any alternative color of hanger — a bright red one, for example — would have caught her eye. At a minimum, it would seem, Kolsto needed to submit some form of expert evidence regarding her angle of vision at the time of the accident and the angle at which a non-transparent hanger might have been seen as opposed to a transparent one. Only if her angle of vision had intersected with the hanger before she fell, and the point of intersection would haveoccurred sooner had the hanger not been clear, would the transparency of the hanger have had any real bearing in this case.
 {¶ 12} Without such expert testimony, it strikes us that Kolsto is really advocating a rule that a defendant is presumptively liable whenever it chooses transparency over opaqueness — or, for that matter, any color less noticeable than another one. Under such a theory, for example, the manufacturers of a large segment of the bottled water industry are now potentially liable because they sell their products in clear plastic bottles, knowing that such bottles often end up discarded on the ground, where a person, not looking, might trip and fall over them. All a plaintiff would need to do would be to point to the clearness of the bottle, and the availability of colored alternatives, to demonstrate that the companies had created an unreasonable risk of harm. Given the enormously wide use of transparent materials, however, we are convinced that expert testimony would be required in such a case to show that the clearness of the bottle created an unreasonable risk of harm, in other words a likelihood of injury statistically beyond that which society is willing to accept, and that, as a matter of proximate cause, the particular accident in question would not have occurred had the bottle been of some other appearance.
 {¶ 13} We note further that the theory of negligence espoused by Kolsto has no logical end point. Would it have been negligent for Old Navy to have chosen a gray plastic hanger knowing that its floor was also gray? If the company had chosen any sort of neutral, pale color, could Kolsto still have created a triable issue by suggesting that a jury could find that the company was negligent for not choosing bright orange to create more of a contrast? Would a company have to select a color totally at odds with the color scheme of the rest of the store to avoid going to the jury on a claim of negligence?
 {¶ 14} We do not mean to suggest, however, that expert testimony is required in the usual slip-and-fall case. Expert testimony is not required for cause and effect unless the subject of the inquiry is outside the area of the common, ordinary and general experience of laypersons. See Evid.R. 702; Bowins v. Euclid General Hospital Assn.
(1984), 20 Ohio App.3d 29, 484 N.E.2d 203. Here, because Kolsto is arguing for a form of antecedent negligence outside the usual analysis of premises liability, we believe that it would take a safety expert or accident reconstructionist to establish that her fall, given her line of vision and the placement of the hanger, was the result of an unreasonable risk having anything to do with the construction or appearance of the hanger.
 {¶ 15} In Perry, supra, the Ohio Supreme Court determined, concededly, that expert evidence was not necessary to establish that a realty company should have taken reasonable precautions to warn invitees of the danger posed by a glass wall that became virtually invisible during sunset hours. The court reasoned that "[t]he claimed interplay of glass and wall coloration, the relative position of the two and direction of the sunlight constituted a factual dispute peculiarly within the province of the jury." Id. at 55, 272 N.E.2d 335. But unlike Perry, the hanger here was not a static obstacle at eye level. Obviously a person looking straight ahead could not avoid seeing a solid wall as opposed to a glass one. Here, however, it is not clear to what extent a hanger of any color might have successfully caught Kolsto's attention, which was directed at clothing on the rack, not to the floor. We conclude, therefore, that expert testimony was needed on the issue of whether Old Navy's use of clear plastic hangers was unreasonable and whether, as a matter of proximate cause, their apperance or construction had anything to do with this particular accident. Old Navy correctly maintains that Kolsto's argument is tantamount to presuming a grocery store negligent for having a white floor simply because a customer might slip on spilled milk.
 {¶ 16} Accordingly, since there is nothing in the record before us to suggest that Old Navy had notice of the hanger on the floor, that the hanger's transparency was in any way a cause of the fall, or that the use of a clear plastic hanger posed a risk that could be deemed unreasonable, we affirm the trial court's judgment.
Judgment affirmed.
Hildebrandt, P.J., and Sundermann, J., concur.